### Bernard J. Woodmansee v. Franklin County Court

[274 A.2d 472]

No. 9-71

Present: **Holden, C.J., Barney, Smith and Keyser, JJ.**

Opinion Filed February 4, 1971

*Bernard J. Woodmansee, Pro se.*

*James M. Jeffords,* Attorney General, and *William T. Keefe,* Assistant Attorney General, for Defendant.

**Per Curiam.** Accompanying a petition for writ of prohibition is a request for the assignment of counsel at state expense. The petition seeks to prohibit the prosecution of a criminal action against the petitioner. The grounds are that the indictment is invalid, because of the presence of an unauthorized person in the grand jury room during the presentation of evidence. The person referred to is the assistant attorney general, present as prosecuting officer under 3 V.S.A. § 153(c). Counsel has been furnished the petitioner in connection with the criminal action.

■ ■ This kind of attack on the proceedings can appropriately be disposed of by appellate review of a timely challenge made in connection with trial of the case. The allegation does not involve the unlawful assumption of judicial power, which is the basis for the writ. *Gould* v. *Parker,* 114 Vt. 186, 188, 42 A.2d 416 (1945). The need to interrupt the course of the proceedings by invocation of an extraordinary remedy does not appear on the face of the petition, since redress is possible and proper in the orderly course of the judicial proceedings. *In re Raymo,* 121 Vt. 246, 248, 154 A.2d 487 (1959). This being so, an order for assignment of counsel would be inappropriate.

*Petition denied.*