## Frank J. Berard, Jr. v. Julius Moeykens, Warden

[326 A.2d 166]

No. 157-73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed October 1, 1974

*Robert Edward West*, Defender General, and *Gregory A. McKenzie*, Deputy Defender General, for Plaintiff.

*Kimberly B. Cheney*, Attorney General, and *Greg E. Studen*, Assistant Attorney General, for Defendant.

**Larrow, J.** Tried under an indictment returned by the Windsor County grand jury, petitioner here was convicted of first degree murder and, on February 12, 1973, sentenced to life imprisonment. This conviction, under mandatory appeal, was affirmed by this court on February 5, 1974. *State* v. *Berard*, 132 Vt. 138, 315 A.2d 501 (1974). On March 15, 1973, while his appeal was pending, he filed with the Windsor County Court this petition, titled as one for writ of *habeas corpus* under 12 V.S.A. § 3951 *et seq.* In general, he alleged prejudice to his constitutional rights arising from the presence of unauthorized persons before the grand jury, and, by motion, sought production of the entire grand jury minutes. His petition specifically alleges that "the contentions set forth in this petition *are not being* brought in the pending appeal." The trial court, by appropriate orders accompanied by carefully drawn conclusions of law, denied the motion and the petition. We affirm.

■ If we were to treat the petition here consistently with its title, as one for *habeas corpus,* it could be dismissed out of hand under 13 V.S.A. § 7136, which requires initial resort to a petition for post-conviction review before the county (now Superior) court with a different presiding judge if that was the sentencing court, as a condition precedent to *habeas corpus,* which lies in the county of imprisonment. In the interests of justice, however, we treat the case as one for post-conviction review, since it meets all the requisites for such a petition, the courts being the same and the presiding

judge being different from the sentencing judge. *Magoon* v. *Smith*, 130 Vt. 603, 298 A.2d 820 (1972).

The main thrust of petitioner's arguments seems to be that (a) the presence of four prosecutors before the grand jury is prejudicial as a matter of law, or (b) if not, there could well be prejudice in fact, which (c) petitioner cannot establish without being furnished all of the grand jury minutes.

The four prosecutors admittedly present before the grand jury were the state's attorney, deputy state's attorney, and two assistant attorneys-general. As the trial court pointed out, 3 V.S.A. § 157 authorizes the attorney-general to appear for the state in homicide prosecutions, 3 V.S.A. § 153(a) authorizes his attendance before the grand jury, and 3 V.S.A. § 152 gives him the powers and duties of a state's attorney. 3 V.S.A. § 153(b) gives like authority to deputy attorneys-general and 3 V.S.A. § 153(c) does the same for assistant attorneys-general. Like powers accrue to deputy state's attorneys under 24 V.S.A. § 362. *State* v. *Mayer*, 129 Vt. 564, 283 A.2d 863 (1971). The presence of all four prosecutors before the grand jury was clearly authorized by statute. Their numbers alone do not give rise to prejudice. *Commonwealth* v. *Favulli*, 352 Mass. 95, 224 N.E.2d 422 (1967). And even the presence of unauthorized personnel does not of itself suggest prejudice. *State* v. *Alexander*, 130 Vt. 54, 62, 286 A.2d 262 (1971).

Petitioner urges that the grand jury minutes should be available to him, or be examined by the court in camera, to explore the possibility of prejudice. In effect, he asks us to apply retroactively the provisions of V.R.Cr.P. 16(a)(2)(B), making discovery of grand jury minutes available. This we decline to do. It was the purpose of the new Rules of Criminal Procedure to have them apply to cases brought after their effective date, not to have them used as a lever to upset prior convictions. V.R.Cr.P. 59(a).

The main weakness of the petition, however, lies in the manner of its presentation. In effect, petitioner is attempting a bifurcated appeal, presenting this claimed error by *habeas corpus* and others by regular appeal. As pointed out above, he expressly so states in his petition. This he cannot

do. Neither *habeas corpus* nor post-conviction review is a substitute for appeal. *In re Ovitt,* 126 Vt. 298, 229 A.2d 243 (1967); *Woodmansee* v. *Franklin County Court,* 129 Vt. 132, 274 A.2d 472 (1971); *Magoon* v. *Smith, supra.*

Petitioner cites *In re Newton,* 125 Vt. 453, 218 A.2d 394 (1966), and *In re Huard,* 125 Vt. 189, 212 A.2d 640 (1965), for the general proposition that "the writ has been allowed in cases where the conviction has been in disregard of the accused's constitutional rights and where the writ is the only effective means of preserving those rights." In such cases, this court has indicated a general rule for adjudicating rights "of constitutional dimension." Both of these cases involved highly exceptional circumstances, and matters dehors the record below not capable of being raised on direct appeal. In these respects they differ from the instant case, because upon trial of the criminal case below a motion was presented, argued at length, and granted in large part, as to production of the entire grand jury minutes. If there was error in denying some portion of the minutes to petitioner that error was clearly reviewable on appeal. The writ of *habeas corpus* (or post-conviction review) is not "the only effective means" of preserving petitioner's rights; that this claim was not reviewed was, as petitioner concedes, solely because of his own election.

We do not abrogate the rule of "constitutional dimensions," although we foresee it to be of decreasing applicability in light of the many defendant-oriented provisions of the new Rules of Criminal Procedure. But we cannot agree that such dimensions can be attained by deliberate waiver of claimed error on direct appeal, merely to permit its assertion under *habeas corpus* or post-conviction review. The grounds here relied on are not outside the trial record, they do not involve extraordinary circumstances, and they invoke at best only a vague possibility of prejudice. To grant petitioner redress would be a virtual holding that he is entitled, at his own election, to have each claim of trial error the subject of separate appellate reviews. We are directed to no case so holding, and we know of none.

We emphasize that in this case the election not to raise the claimed error on appeal was deliberate. We do not reach the question of whether such action, if inadvertent, would

operate as a waiver in cases of mandatory appeal under V.R.A.P. 3(b). *Cf.* V.R.Cr.P. 52(b) and Reporter's Notes thereto.

*Judgment affirmed.*