## State of Vermont v. Douglas A. Nash

[479 A.2d 757]

No. 83-054

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed May 25, 1984

*Raymond G. Bolton,* Bennington County State's Attorney, and *Ralph H. Sheppard,* Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Peck, J.** This is a timely appeal by defendant from a judgment of the Vermont District Court convicting him of the crime of attempted sexual assault. Trial was by jury. We affirm.

The defendant presents three questions for review. First, he challenges the information filed by the state's attorney as insufficient to indicate the exact offense with which he was

charged. Second, defendant claims a violation of his constitutional right to be protected against the possibility of double jeopardy in contravention of the Fifth Amendment of the United States Constitution. Finally, he complains that the sentence is defective since he is unable to determine what crime formed the basis of the sentence imposed.

## I.

In its relevant part, the information alleged that on June 1, 1982, defendant "attempted to commit an offense, sexual assault, and did an act towards the commission thereof but by reason of being prevented failed in the execution of same in violation of 13 V.S.A. § 9 [defining an attempt to commit an offense] and 13 V.S.A. § 3252 [defining sexual assault]."

Section 3252 consists of three subdivisions, each one designating a different course of conduct as constituting sexual assault. Because of its importance to a full understanding of defendant's position on appeal, the statute is set forth here in its entirety.

A person who engages in a sexual act with another person, other than a spouse, and

(1) Compels the other person to participate in a sexual act:

(A) Without the consent of the other person; or

(B) By threatening or coercing the other person; or

(C) By placing the other person in fear that any person will be harmed imminently; or

(2) Has impaired substantially the ability of the other person to appraise or control conduct by administering or employing drugs or intoxicants without the knowledge or against the will of the other person; or

(3) The other person is under the age of 16 and they are not married to each other;

shall be imprisoned for not more than 20 years, or fined not more than $10,000.00, or both.

Prior to trial, defendant filed a motion to specify the charge. The transcript of the hearing on the motion discloses the following exchange:

Defense counsel: . . . we feel, under due process, the State is plainly able to specify which of the three [subdivisions] it is and if it's under [subdivision] 1(A)(B)(C) or either or several of those.

Once that's done, if it can be done today, we would be prepared to argue [a motion to dismiss on other grounds].

The Court (to the prosecutor): Mr. Bolton.

Prosecutor: Your honor, we're proceeding under [Subdivision] 1.

There is no evidence in this case that [defendant] attempted to impair anyone's control by the consumption of alcohol, intoxicant drugs or otherwise.

And the victim of this alleged sexual assault is 20 years of age, and was 19 years of age—4 days short of her 20th birthday—on the date of the offense.

The Court (to defense counsel): That should sway [sic] your difficulty with that.

Defense counsel: Yes, Your Honor.

The prosecutor's statement did not respond fully to defense counsel's request for specificity as to subsections (A), (B) and (C) of subdivision (1) of the statute, but he did indicate clearly that the State would be proceeding at trial under subdivision (1) (compelling). Nevertheless, defense counsel indicated his satisfaction, and proceeded to argue his second motion (to dismiss on the grounds the State would be unable to prove that the assault, if any, was an attempted sexual assault), which he had stated he was prepared to do when the State responded to his motion for specificity. It is clear that, at this point in the proceedings, the defense was satisfied and was content to proceed without pursuing its motion to specify any further.

There were additional pretrial and post-trial motions filed by defendant. None of these motions addressed the question of specificity under 13 V.S.A. § 3252(1), and a careful perusal of the transcript fails to disclose that the issue was raised again prior to this appeal.

Several other factors are disclosed by the transcript which bear on the issue of specificity. Notwithstanding the three sections of subdivision (1) of § 3252 are worded in the disjunctive, the prosecutor's response to defendant's pretrial inquiry suggested, at least, that the State would present its case relying on all three of the elements; in other words, the evidence would be in the conjunctive. This was accomplished by the prosecutor's statement that he would proceed under subdivision (1). By acknowledging satisfaction with the prosecutor's response, defendant indicated his understanding that the evidence would address the elements of all three subsections of subdivision (1); he went to trial without further protest relating to specificity.

At trial, the prosecutor followed his announced plan of procedure, producing evidence tending to show that, in attempting to force the complainant to have sexual relations with him, defendant had (A) proceeded against her will, (B) resorted to threats and physical coercion, and (C) placed her in fear of imminent physical harm. The defendant's testimony on his own behalf also addressed each of the (A), (B) and (C) sections of § 3252(1). In short, the evidence for both sides *conjoined* without objection all three of the elements of compelling participation in a sexual act. Having abandoned the issue of specificity prior to trial, and with knowledge of the prosecutor's plan of procedure, and having in fact responded in like manner, it is difficult, at this point, to see any basis for a claim of either surprise or prejudice.

At the close of the evidence, the court conferred with the attorneys before charging the jury. Counsel for defendant requested expressly that the court include the following in its instructions:

> To find the defendant guilty of Attempted Sexual Assault you must find beyond a reasonable doubt:
>
> 1. That the defendant attempted to engage in a sexual act;

2. With another person;

3. That person not being his spouse;

4. By compelling the other person to participate; either without her consent, or, by placing her in fear that any person would be harmed imminently.

It is manifest that defense counsel himself requested a charge in the disjunctive. Again, the issue of specificity was not raised at the instruction conference; there was no request made relating thereto, nor was there any request made for special verdicts.

In response to defendant's request, the court did charge in the disjunctive and substantially as requested:

In order to establish the offense, the State must prove the following elements beyond a reasonable doubt: 1. The defendant attempted to engage in a sexual act; 2. With another person not his spouse; 3. By compelling that person to participate in said sexual act in one of the following ways: A. Without her consent; B. By threatening or coercing her; C. By placing her in fear of imminent harm.

There were no objections to this instruction, nor were any requests made for either additional or clarifying instructions. *State* v. *Darling*, 141 Vt. 358, 362, 449 A.2d 928, 930 (1982); V.R.Cr.P. 30. The issue of specificity was waived and never surfaced again at any of the post-trial proceedings.

Defendant would have us hold that, in this case, several crimes were charged and only one was proved. This is true as far as the original information is concerned in charging an attempt to commit an offense prohibited by 13 V.S.A. § 3252, without specifying the charge related to subdivisions (1), (2) or (3).

It is not entirely clear whether defendant's specificity claim relates to these three subdivisions, or to subsections (A), (B), and (C) of (1). In the event the reference is to (1), (2), and (3), we held above that the State clarified its position, to defendant's expressed satisfaction, that the charge related only to subdivision (1). As indicated above, the parties proceeded to trial on that basis, without any further protest by the defendant. He cannot be heard now to put the trial court

in error on grounds which had been resolved below to his full and acknowledged satisfaction, and which never surfaced again.

On the other hand, if defendant's claim that several crimes had been charged relates to subsections (A), (B), and (C) of subdivision (1), he is simply wrong. (A), (B), and (C) are not separate crimes; they are separate ways by which the single offense of "compelling" may be committed. In short, the single offense is "compelling." Defendant knew this and accepted it. All the evidence presented by both parties not only addressed the single offense of compelling, but (A), (B), and (C) as well.

This does not necessarily resolve the issue of specificity as far as the three methods by which the single offense was committed. The court below did charge in the disjunctive on (A), (B), and (C). Nevertheless, the charge conformed almost exactly with the request proposed by the defendant. Defendant did not propose interrogatories, he did not ask for special verdicts, nor did he object to the charge or raise the issue of specificity at any time during or after trial until this appeal was instituted. Ordinarily, an issue raised for the first time on appeal is not eligible for review. *State* v. *Billado,* 141 Vt. 175, 183, 446 A.2d 778, 782 (1982). Finally, examining the evidence in the light most favorable to the State, and excluding the effect of any modifying evidence, as we must do, *State* v. *Olds,* 141 Vt. 21, 26, 443 A.2d 443, 445 (1982), it demonstrates clearly that proof of (A), (B), and (C) was well established.

Given the strength of the evidence produced by the State relating to (A), (B), *and* (C), it is extremely unlikely that, based on the few words, "in one of the following ways," contained in the charge (which was substantially as requested), the jury singled out any one of the three and based its verdict on that one alone. However, assuming that it did, we cannot see how defendant has been prejudiced. First, he has been convicted of but one offense: a violation of § 3252(1); secondly, unless there was insufficient evidence to go to the jury on one of the three subsections of subdivision (1), the result could not change even if the jury reached its verdict based on only one of the subsections. As noted above, the

evidence was strong on all three; there was no claim made here based on an insufficiency of the evidence.

■ In a recent case, *United States* v. *Hasting,* 461 U.S. 499, 103 S. Ct. 1974 (1983), involving a violation of the defendant's Fifth Amendment rights, the United States Supreme Court cautioned the lower appellate courts that they should analyze errors committed in the trial courts more carefully in the light of the harmless error rule laid down in *Chapman* v. *California,* 386 U.S. 18 (1967). In *Hasting* the Court reversed the Court of Appeals (7th Circuit) for its failure to analyze the case under the harmless error rule. Referring to *Chapman,* the Court said:

> [*Chapman*] recognized that, given the myriad safeguards provided to assure a fair trial, and taking into account the reality of the human fallibility of the participants, there can be no such thing as an error-free, perfect trial, and that the Constitution does not guarantee such a trial. (Citations omitted.) *Chapman* reflected the concern . . . that when courts fashion rules whose violations mandate automatic reversals, they "retreat[] from their responsibilities, becoming instead 'impregnable citadels of technicality.' " (Citations omitted.)
>
> Since *Chapman,* the Court has consistently made clear that it is the *duty* of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, *including most constitutional violations.*" (Citations omitted.)

*United States* v. *Hasting, supra,* at 508–09, 103 S. Ct. at 1980 (emphasis added).

■ We approve this caution and, applying it to the procedural and evidentiary facts of this particular case as disclosed by the record, we hold that the defendant has not been unduly prejudiced, and that any error was harmless. This conclusion does not, as defendant suggests, overrule certain earlier decisions of this Court. We hold only that if there was error here, the doctrine of harmless error is applicable.

## II.

■■ Defendant argues next that his constitutional right

to protection against double jeopardy has been violated. This is a speculative and anticipatory argument. The proper time and method to challenge a subsequent charge on the grounds of former jeopardy is at the time such a charge is instituted, through a plea in bar or, as it has been more traditionally referred to in the common law cases, a plea of *autrefois convict*. See *State* v. *O'Brien*, 106 Vt. 97, 103, 170 A. 98, 100 (1934). If we were to give credence to this argument at this point in time, we would, in effect, be giving an advisory opinion on a hypothetical factual situation and an issue which is not a part of the case before us. Under the Vermont Constitution this Court is not authorized to render advisory opinions. *In re Constitutionality of House Bill 88*, 115 Vt. 524, 529, 64 A.2d 169, 172 (1949).

### III.

Finally, defendant complains that the sentence was defective since he was unable to determine the crime that formed the basis of the sentence imposed. In the light of the discussion earlier in this opinion concerning the issue of specificity, this argument is without merit. Defendant was convicted and sentenced for a violation of 13 V.S.A. § 9, that is, an attempt to commit an act prohibited by 13 V.S.A. § 3252(1). Neither § 3252(2) nor § 3252(3) were in the case; they were excluded, not only by the prosecutor's response to defendant's request for specificity and the latter's expression of satisfaction, but by the evidence presented by both parties, as well as by the court's instruction to the jury. Moreover, the record discloses that defendant took no action to bring this objection to the attention of the trial court at the time of sentencing or at any time thereafter. Ordinarily, an objection to sentencing cannot be raised for the first time in this Court on appeal; if it is not timely it is waived. *State* v. *Colby*, 140 Vt. 638, 643, 443 A.2d 456, 458 (1982).

*Affirmed.*

### On Motion To Reargue

Peck, J. Subsequent to the filing of the opinion in this case, defendant filed a timely motion to reargue. V.R.A.P. 40. He contends that the Court "entirely misconceives the nature of

436

the case and ignores relevant precedent." We disagree with defendant's analysis of the opinion and of its effect in relation to the cases cited in his motion.

We have, however, recalled the opinion and redrafted certain portions thereof to eliminate any confusion which may have resulted from the reference to and discussion of *State* v. *Bailey,* 144 Vt. 86, 475 A.2d 1045 (1984), and to emphasize our view of the significance of the doctrine of harmless error under the facts of this case. Other matters raised by defendant in his motion have been reviewed by the Court and rejected as constituting sufficient grounds to warrant reargument. The revision made does not change the result.

*Motion for reargument denied.* See *Mancini* v. *Mancini,* 143 Vt. 235, 240, 465 A.2d 272, 275 (1983).