## In re Douglas A. Nash

[499 A.2d 785]

No. 84-446

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 30, 1985

*Martin and Paolini*, Barre, for Petitioner-Appellant.

*Ralph H. Sheppard*, Bennington County Deputy State's Attorney, Bennington, for Respondent-Appellee.

**Peck, J.** Petitioner appeals the superior court's denial of his petition for post-conviction relief. 13 V.S.A. § 7131. He claims the lower court erred in refusing to review his claims. The court held that post-conviction relief was not the proper vehicle for consideration of the issues presented. We agree with the superior court and affirm.

On October 15, 1982, petitioner was convicted of the crime of sexual assault after trial by jury in district court. Petitioner appealed. This Court issued an initial opinion on March 2, 1984, affirming the conviction and sentence. On March 8, 1984, petitioner's appellate counsel filed a motion for reargument in this Court.

On March 15, 1984, petitioner filed a pro se petition for post-conviction relief in the superior court. He alleged ineffective assistance on the part of his trial counsel. On May 25, 1984, this Court reissued its decision in *State* v. *Nash*, 144 Vt. 427, 479 A.2d 757 (1984), affirming the petitioner's conviction and denying his motion for reargument. Also on May 25, 1984, petitioner filed an *amended* petition for post-conviction relief. The amended petition, filed by petitioner's newly-appointed counsel, dropped the allegation of ineffective assistance of counsel. In its place petitioner claimed his conviction should be reversed because of (1) the trial court's refusal to give an instruction on the lesser included offense of simple assault and (2) the court's admission into evidence of a knife despite the absence of testimony that petitioner possessed the knife at the scene of the offense.

The record of the trial proceedings reveals that defense counsel requested an instruction regarding simple assault. Further, the knife was admitted over defense counsel's objection. Thus, both of petitioner's claims were contested issues at trial. Nevertheless, appellate counsel did not raise these issues on appeal before this Court. See *State* v. *Nash, supra.* Also of note, in neither his origi-

nal petition nor in his amended petition has petitioner claimed ineffective assistance of *appellate* counsel.

The superior court denied petitioner's request for post-conviction relief, declining to review the merits of his claims.

■ Under 13 V.S.A. §§ 7131-7137 any prisoner under sentence, who claims the sentence was imposed unlawfully, may move the superior court to set aside or vacate the sentence. However, post-conviction review is not a substitute for appeal. *Berard v. Moeykens,* 132 Vt. 597, 600, 326 A.2d 166, 168 (1974).

In *Berard,* this Court considered a petitioner's appeal from a denial of post-conviction relief. In that case the petitioner alleged prejudice to his constitutional rights arising from the presence of unauthorized persons before the grand jury. The petitioner in *Berard* made this allegation while his appeal was pending. This Court considered this a deliberate election not to raise the claimed error on appeal. Thus, the Court held:

> The grounds here relied on are not outside the trial record, they do not involve extraordinary circumstances, and they invoke at best only a vague possibility of prejudice. To grant petitioner redress would be a virtual holding that he is entitled, at his own election, to have each claim of trial error the subject of separate appellate reviews. We are directed to no case so holding, and we know of none.
>
> We emphasize that in this case the election not to raise the claimed error on appeal was deliberate. We do not reach the question of whether such action, if inadvertent, would operate as a waiver in cases of mandatory appeal under V.R.A.P. 3(b).

*Berard, supra,* at 600-01, 326 A.2d at 168-69.

In the instant case the superior court cited *Berard* and held that "because the issues presented in this proceeding were identified as contested issues at the time of trial, . . . this case falls within the scope of the *Berard* decision rather than the yet undecided situation falling under the rubic of 'inadvertent' omission." We agree.

■ The issues were duly contested at trial: therefore, we hold that petitioner's election not to raise these issues on appeal operates as a waiver of these issues and precludes him from raising them in a petition for post-conviction relief. Petitioner has not shown that the election was inadvertent, nor has he claimed that

his appellate counsel was ineffective. Finally, petitioner has failed to allege any exceptional circumstances excusing the failure to raise the issues on appeal.

*Affirmed.*