## State of Vermont v. Leland Peters

[518 A.2d 28]

No. 84-415

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed October 3, 1986

*Raymond G. Bolton*, Bennington County State's Attorney, Bennington, for Plaintiff-Appellee.

*David A. Howard*, Bennington County Public Defender, Bennington, for Defendant-Appellant.

**Peck, J.** Defendant appeals a conviction after a jury trial of simple assault upon his estranged wife, 13 V.S.A. § 1023. We affirm.

The first issue on appeal concerns an instruction given by the trial court to the jury which had not been requested by defendant, relating to defendant's testimony. It stated as follows:

> The defendant in this case has chosen to testify. He has no duty to do so and he could not have been required to do so. That is, he has a right to choose not to testify. However, he has chosen to do so. His testimony should be judged by you under the rules that I have already given you as to the credibility of witnesses in general. You should give it just so much weight as you think it is fairly entitled to receive taking into consideration those same factors I have already mentioned—that is his appearance on the witness stand, his frankness or evasiveness, his prejudice or bias, his opportunity for observation, his means of information and the reasonableness of his testimony.

Defendant's argument rests on this Court's holding in *State* v. *Persuitti*, 133 Vt. 464, 466-67, 346 A.2d 208, 209 (1975), that it was reversible error for a trial court to fail to give a requested instruction about a defendant's decision not to testify. Defendant argues that it should also be reversible error to give an instruction not requested when defendant does testify.

In *State* v. *Boise*, 146 Vt. 46, 49, 498 A.2d 495, 497 (1985), we stated: "[a] general instruction that a defendant who wishes to testify is a competent witness and that his testimony is to be judged in the same way as that of any other witness does not impermissibly single out the defendant." See also 13 V.S.A. § 6601 ("credit to be given to [defendant's] testimony shall be left solely to the jury, under the instructions of the court . . . ." Here, defendant failed to object before the jury retired, thereby precluding appellate review absent glaring error. V.R.Cr.P. 30. Assuming

without deciding that the instruction was error, we find it did not rise to the level of glaring error.

■ Defendant also complains that the court erred in limiting the cross-examination of the State's complaining witness, his estranged wife. Defendant had been also charged with unlawful trespass for entering the apartment of his wife in violation of an outstanding restraining order of the court. Before the case went to the jury, the court granted a motion for acquittal on the charge of trespass. The defense had sought to question the wife about prior restraining orders against her husband, offering to show that on past occasions she had told defendant to ignore them. Defendant claims he would have gone on to question her credibility in stating that defendant forced his way into the apartment to attack her. There is no theory, however, under which the line of cross-examination denied by the trial court could have related to the complaining witness' credibility on the issue of assault. Whether or not defendant's estranged wife had ever waived the protection of the court order in the past, her testimony to that effect would not have established a waiver in the present case; its relevance is highly questionable at best. Defendant cites *State* v. *Settle,* 141 Vt. 58, 62, 442 A.2d 1314, 1316 (1982), for the proposition that even a small degree of relevancy suffices to justify a line of examination. In fact, *Settle* does not stand for that proposition. It states merely that, under the facts of that case, it was within the *discretionary* power of the trial court to admit certain testimony, the materiality of which "was thin." *Id.* Moreover, in the same case, the majority opinion holds that "[c]ontrol of cross and redirect examination lies within the sound discretion of the trial court." *Id.* at 63, 442 A.2d at 1316; see V.R.E. 611. We find no abuse of discretion in the trial court's ruling.

■ Finally, defendant raises a second credibility issue in challenging the court's limitation of defense counsel's closing argument. Defendant sought to discuss asserted contradictions in defendant's wife's testimony concerning defendant's method of entry into the apartment. The State correctly points out that the court and defendant's counsel agreed on the extent of permissible comment on the alleged method of entry by his client. The court indicated that it would allow both attorneys to comment on whether the defendant was or was not invited in. The defendant made no further objection and proceeded with his closing; hence, the issue is raised here for the first time. With certain limited

exceptions not applicable here, an issue raised for the first time on appeal will not be reviewed. *State* v. *Nash,* 144 Vt. 427, 433, 479 A.2d 757, 760 (1984).

*Affirmed.*

**Hayes, J.,** concurring. I concur in the result. I write separately because I believe the better practice is not to single the defendant out by a separate jury instruction dealing solely with his credibility as a witness. The preferable way is for the trial court to give a general charge on the credibility of witnesses.

Under the law, as it now exists, no error was committed by the trial court. See *State* v. *Boise,* 146 Vt. 46, 49, 498 A.2d 495, 497 (1985) ("A general instruction that a defendant who wishes to testify is a competent witness and that his testimony is to be judged in the same way as that of any other witness does not impermissibly single out the defendant."). We must consider the possibility, however, that a jury might wonder why it was necessary for the court to speak about the defendant's credibility separately as was done with respect to no other witness in the case. Even though the court stated that the defendant's testimony should be judged by the jury under the rules already given as to the credibility of witnesses in general, the jury members might speculate that there is a melody they are supposed to be hearing that differs from the lyrics.

Important cases do not always announce their coming by the blare of trumpets and the clash of cymbals. Sometimes a "little, unassuming, unobtrusive choice presents itself before us slyly and craftily, glib and insinuating, in the modest garb of innocence." B. Cardozo, *Law and Literature in Selected Writings of Benjamin Nathan Cardozo: The Choice of Tycho Brahe,* 419 (1947). The temptation to say nothing about the better practice is great because the instruction given by the trial court has long been uttered with some frequency, but antiquity alone cannot sanction a usage that is undesirable.