# In re Douglas A. Nash

[539 A.2d 989]

No. 86-401

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ.**

Opinion Filed December 11, 1987

*Charles S. Martin and John Boese,* Law Clerk (On the Brief), Barre, for Petitioner-Appellant.

*Deborah A. Barnard,* Bennington County Deputy State's Attorney, Bennington, for Respondent-Appellee.

**Mahady, J.** The petitioner was convicted of attempted sexual assault after trial by jury. He appealed that conviction, and this Court affirmed. *State* v. *Nash,* 144 Vt. 427, 479 A.2d 757 (1984). A petition for post-conviction relief was denied by the superior court, and that denial was affirmed. *In re Nash,* 146 Vt. 259, 499 A.2d 785 (1985).

In this, his second petition for post-conviction relief, the petitioner presents two issues which were preserved at trial but not raised on his direct appeal. They are: 1) whether the trial court erroneously allowed the introduction into evidence of a knife which petitioner claims was irrelevant, because there was no evidence linking the knife to the alleged crime; and 2) whether the trial court erroneously failed to charge simple assault as a lesser included offense of attempted sexual assault. The superior court addressed both claims on their merits and denied the petition. We conclude that post-conviction relief is not appropriate under the circumstances of this case and that the superior court correctly resolved the issues on their merits adversely to the petitioner. Accordingly, we affirm.

█ Post-conviction review is not a substitute for appeal. *Berard* v. *Moeykens,* 132 Vt. 597, 600, 326 A.2d 166, 168 (1974). Where the issues raised in a petition for post-conviction relief were contested at trial and were not raised on direct appeal, they will not be addressed on post-conviction review unless it is demonstrated that the failure to raise them on direct appeal was inadvertent, that appellate counsel was ineffective, or that extraordinary circumstances excused the failure to raise the issues on appeal. See *In re Nash,* 146 Vt. at 261-62, 499 A.2d at 786.

The petitioner claims that certain limitations placed upon his access to a law library by the Department of Corrections created extraordinary circumstances which excused his failure to raise the two issues on appeal.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or [by providing] adequate assistance from persons trained in the law." *Bounds* v. *Smith,* 430 U.S. 817, 828 (1977). The provision of full-time staff attorneys, working as part

of public defender offices, provides an adequate alternative to prison law libraries as a means of insuring adequate access to the courts. *Id.* at 830-31. Vermont's correctional and appellate defenders capably fulfill this function.

In the present case, the petitioner had limited access to legal materials. Moreover, he was provided with experienced and skilled appellate counsel. He discussed the two issues now presented with his appellate counsel, who made an informed and deliberate decision not to raise them on direct appeal. This decision was communicated to the petitioner. These circumstances are hardly extraordinary and do not excuse petitioner's failure to raise the issues on appeal. The petitioner is precluded from raising these issues in this post-conviction relief action.

Nevertheless, the superior court addressed and correctly resolved the issues raised by petitioner on their merits.

As to the first issue, the superior court determined that the admission of the knife was not erroneous. At trial, the State contended that the victim was compelled to engage in a sexual act because of threats and coercion which placed her in fear of imminent harm. She testified that she had seen the knife in its case on the petitioner's belt a few hours before the incident. Although the victim did not testify that she saw the knife during the incident, she did testify that the petitioner reached behind his back where she had previously seen the knife. According to her testimony, at that moment she thought, "this is it, he's going to take out the knife and this is when I'm dead." The petitioner testified that the knife was in the case on the night in question. The trial court admitted the knife into evidence over the petitioner's relevancy objection.

Relevant evidence is evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." V.R.E. 401. The victim's awareness of the probable presence of the knife tended to make more probable the fact that the victim was being compelled to participate in a sexual act by being placed in fear of imminent harm. That fact, an essential element of the offense as charged, 13 V.S.A. § 3252(1), was of consequence to the determination of the action. The knife was relevant.

Though relevant, the evidence must be excluded "if its probative value is substantially outweighed by the danger of unfair

prejudice." V.R.E. 403. The application of this balancing test, *State* v. *Jarrett*, 143 Vt. 191, 193-94, 465 A.2d 238, 240 (1983), is a matter addressed to the discretion of the trial judge regularized and channelled by the factors set forth in the rule. 22 C. Wright and K. Graham, Federal Practice and Procedure § 5212, at 250-51 (1978). The trial judge considered the appropriate factors of relevance and unfair prejudice. No abuse of his regulated discretion appears. The probative value of the evidence is clear, and the unfairness of any claimed prejudice is not readily apparent.

The superior court also correctly determined that simple assault is not a lesser included offense of attempted sexual assault. At trial the petitioner requested the court to charge simple assault as a lesser included offense of attempted sexual assault. The trial court declined to do so, and the petitioner objected to this failure.

█ In order for a defendant to be entitled to a jury instruction on a lesser offense than that for which he is charged, the elements of the lesser offense must necessarily be included within the greater offense. V.R.Cr.P. 31(c). See *State* v. *Forbes*, 147 Vt. 612, 617-18, 523 A.2d 1232, 1235 (1987). The lesser offense is included in the greater only if each of its elements "is always a necessary element of" the greater offense. *Illinois* v. *Vitale*, 447 U.S. 410, 419-20 (1980).

Simple assault under 13 V.S.A. § 1023(a) requires an act or an attempt to cause "bodily injury" or an attempt "to put another in fear of imminent serious bodily injury." Attempted sexual assault does not necessarily require such an act or attempt. Rather, attempted sexual assault is the offense of attempting to compel another person to participate in a sexual act by any of the means enumerated in the statute.* *State* v. *Nash*, 144 Vt. at 433, 479 A.2d at 760. Placing another in fear of imminent harm is just one of those means; it is not always a necessary element. See *State* v. *Bourn*, 139 Vt. 14, 17-18, 421 A.2d 1281, 1283 (1980). The superior court was correct when it concluded that the trial court had

---

\* § 3252. Sexual assault

A person who engages in a sexual act with another person and

    (1) Compels the other person to participate in a sexual act:

        (A) Without the consent of the other person; or

        (B) By threatening or coercing the other person; or

        (C) By placing the other person in fear that any person will be harmed imminently . . . .

properly refused petitioner's request to charge simple assault as a lesser included offense.

This petitioner is not entitled to post-conviction review of these issues in any event. Even if he were entitled to review, the superior court correctly ruled adversely to his claims on their merits.

*Affirmed.*