## In re Phillip F. HART

[715 A.2d 640]

No. 97-059

March 25, 1998. Petitioner appeals the Orange Superior Court's denial of his petition for post-conviction relief pursuant to 13 V.S.A. § 7131. He argues that the court erred when it allocated to him the burden of proving that he had not deliberately bypassed the opportunity to directly appeal an error made by the sentencing court in the application of Rule 32(c)(3). We affirm.

In 1992, petitioner was sentenced to serve twelve to twenty years in prison for the sexual assault of a minor, and this Court affirmed the conviction in *State v. Hart*, 161 Vt. 647, 643 A.2d 853 (1994). In 1996, petitioner filed a petition for post-conviction relief requesting the superior court to vacate his sentence and order resentencing. As grounds for relief, petitioner alleged: (1) that counsel at his sentencing hearing had been ineffective, and (2) that, in determining the sentence, the court improperly considered and relied upon information not previously disclosed to petitioner and his counsel. See V.R.Cr.P. 32(c)(3) ("sentencing court shall disclose to the defendant, his attorney, and the prosecution, all information submitted to it for consideration at sentencing").

After a hearing on the merits, the superior court denied petitioner's claim of ineffective assistance of counsel. The superior court concluded, however, that the sentencing court did "consider and rely upon petitioner's violent history with his former wife . . . without providing notice in the manner described under V.R.Cr.P. 32(c)(3)." Petitioner introduced no evidence to establish why he had not raised the Rule 32 issue in his direct appeal, although he did contend the record failed to show he had deliberately bypassed the opportunity. The State introduced no evidence on petitioner's bypass of the issue. The superior court concluded that petitioner had failed to satisfy his burden of showing that his failure to raise the claimed error on direct appeal was an "inadvertent waiver," and thus denied the petition.[1]

Vermont's post-conviction relief statute, 13 V.S.A. §§ 7131-7137, permits "challenges to confinement . . . [where] the sentence is subject to collateral attack," *State v. Cooley*, 135 Vt. 409, 411, 377 A.2d 1386, 1387 (1977), but is not a substitute for direct appeal. See *In re Nash*, 146 Vt. 259, 261, 499 A.2d 785, 786 (1985). Absent exigent circumstances, "collateral attack is barred if the movant deliberately bypassed the issue on appeal." *In re Stewart*, 140 Vt. 351, 361, 438 A.2d 1106, 1110 (1981) (citing *Chin v. United States*, 622 F.2d 1090, 1092-93 (2d Cir. 1980), and *Berard v. Moeykens*, 132 Vt. 597, 599-600, 326 A.2d 166, 168 (1974)). To allow an issue which had been deliberately waived on appeal to be asserted under post-conviction review would be

---

[1] The record reflects that the terms "deliberate bypass" and "inadvertent waiver" were used interchangeably. We believe that the two terms implicate the same general principle.

"[t]o grant petitioner redress . . . that he is entitled, at his own election, to have each claim of trial error the subject of separate appellate reviews." *Berard*, 132 Vt. at 600, 326 A.2d at 168.

Petitioner does not deny that the "deliberate bypass" standard applies in this case; rather, he argues on appeal that the superior court erred in holding that the burden of proof to satisfy the standard rests on the petitioner.

The allocation of the burden of proof between the petitioner for post-conviction relief and the State is governed by the usual principles of law according to the nature of the claim advanced. See *In re Mossey*, 129 Vt. 133, 138, 274 A.2d 473, 476 (1971). The burden rests with the party who advances the factual contention, and the risk of nonpersuasion is similarly assigned. See *id.* Under the "usual principles of law," *id.*, issues not challenged on appeal are deemed waived. See *Fyles v. Schmidt*, 141 Vt. 419, 422-23, 449 A.2d 962, 965 (1982) (issues not fairly presented to trial court are not preserved on appeal); *Bigelow v. Department of Taxes*, 163 Vt. 33, 38, 652 A.2d 985, 988 (1994) (issues not fairly raised at the earliest opportunity are not preserved on appeal). We have previously denied post-conviction relief where the petitioner did not show that his failure to raise an issue on direct appeal was inadvertent. See *Nash*, 146 Vt. at 261-62, 499 A.2d at 786.

Accordingly, we hold that to be eligible for relief under 13 V.S.A. § 7131 the petitioner must demonstrate that he did not deliberately bypass issues which could have been raised on direct appeal. Allocating the burden of proof in this manner maintains "an orderly process of review and appeal [that] is essential for the prompt and fair administration of criminal justice." *Cooley*, 135 Vt. at 412, 377 A.2d at 1387; see *State v. Zankowski*, 665 A.2d 1081, 1083 (N.H. 1995) ("To vacate a conviction on collateral review the de-

fendant must allege that the waiver of his right was not voluntary or not knowing. A silent record alone is insufficient to require reversal on collateral attack. The defendant 'must describe the specific manner in which the [waiver] was in fact involuntary or without understanding, and must at least go forward with evidence sufficient to indicate that his specific claim presents a genuine issue for adjudication.'") (quoting *Richard v. MacAskill*, 529 A.2d 898, 900 (N.H. 1987)) (alteration in original) (citations omitted).[2]

In the instant case, petitioner concedes that the Rule 32 issue could have been raised on direct appeal. Although he speculates that his appellate attorney "simply overlooked it," petitioner has not claimed that his appellate counsel was ineffective. Because petitioner introduced no evidence to demonstrate that he did not deliberately bypass the issue on direct appeal, the superior court properly denied relief.

*Affirmed.*

Motion for reargument denied April 10, 1998.

---

[2] Federal courts similarly place the burden of proof on the petitioner in post-conviction relief proceedings under 28 U.S.C. §§ 2254-2255, although the trend is to replace the "deliberate bypass" standard with that of "cause and prejudice." See *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977). Under the more strict cause and prejudice standard, the petitioner must show cause for his failure to raise an issue on direct appeal, and must show actual prejudice from that failure. See *Chambers v. Lockhart*, 872 F.2d 274, 276 (8th Cir. 1989); *Rosenfeld v. Dunham*, 820 F.2d 52, 53 (2d Cir. 1987). This is of particular relevance because 13 V.S.A. § 7131 is similar in effect to 28 U.S.C. § 2255. See *Shequin v. Smith*, 129 Vt. 578, 581, 285 A.2d 708, 710 (1971).