**STATE of Vermont v. John GREGA**

[750 A.2d 978]

No. 99-058

December 30, 1999. Defendant John Grega appeals from the district court's denial of his V.R.Cr.P. 35 motion to correct and reduce his sentence and his V.R.Cr.P. 33 motion for a new trial. We affirm the judgment on defendant's V.R.Cr.P. 35 motion and vacate the judgment on defendant's V.R.Cr.P. 33 motion.

In August 1995, a jury convicted defendant of aggravated murder, under 13 V.S.A. § 2311, and aggravated sexual assault, under 13 V.S.A. § 3253. In October 1995, prior to sentencing, defendant filed a motion to preclude the imposition of sentence, challenging the constitutionality of 13 V.S.A. § 2311(c), which mandates the imposition of a life sentence without parole in cases of aggravated murder. Defendant argued that 13 V.S.A. § 2311(c) violates the separation-of-powers and proportionality clauses of the Vermont

Constitution. The court denied the motion.

In December 1995, again prior to sentencing, defendant filed a second motion to preclude the imposition of his sentence. In this motion, defendant argued that he could not be sentenced for both crimes because aggravated sexual assault was a lesser-included offense of aggravated murder. Therefore, defendant contended, sentencing him for both crimes would violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The court denied the motion and imposed a sentence of life without parole for the aggravated murder conviction and fifty years to life for the aggravated sexual assault conviction.

Defendant appealed to this Court, arguing, among other things, that the court erred in denying his December 1995 motion. However, he did not appeal the denial of his October 1995 motion. We concluded that sentencing defendant for both aggravated murder and aggravated sexual assault violated the Double Jeopardy Clause. Hence, we vacated defendant's sentence for aggravated sexual assault. See *State v. Grega*, 168 Vt. 363, 388, 721 A.2d 445, 462 (1998). On defendant's motion for reargument, we vacated his conviction for aggravated sexual assault on Double Jeopardy grounds. See *id.* at 389, 721 A.2d at 462-63.

Defendant subsequently filed two motions in the district court, a motion to correct and reduce his sentence, pursuant to V.R.Cr.P. 35, and a motion for a new trial, pursuant to V.R.Cr.P. 33. In the motion to correct and reduce his sentence, defendant again argued that 13 V.S.A. § 2311(c) violates the separation-of-powers and proportionality clauses of the Vermont Constitution. The court denied the motion, holding that defendant was barred from raising these arguments again. Further, for reasons not relevant here, the court denied defendant's motion for a new trial. This appeal followed.

Defendant first argues that the court erred in holding that he was barred from challenging the constitutionality of 13 V.S.A. § 2311(c). We disagree.

Under V.R.Cr.P. 35(a), "[t]he court may correct an illegal sentence at any time . . . ." Despite the broad language of the rule, courts have barred challenges brought under V.R.Cr.P. 35 when the same issues were previously litigated and decided.[1] See *United States v. Quon*, 241 F.2d 161, 162-63 (2d Cir. 1957) (trial court was correct in denying defendant's second Rule 35 motion, where defendant's first Rule 35 motion, which raised the same issues, was denied); *People v. Hubbard*, 519 P.2d 945, 947 (Colo. 1974) (Rule 35 "was not intended to establish a procedure which would allow continuing review of issues previously decided against the defendant. . . . Nor does it authorize the defendant to file successive motions based upon the same . . . allegations . . . ."); *State v. Johnson*, 571 N.W.2d 372, 374-75 (N.D. 1997) (under Rule 35, defendant was barred from challenging sentence where challenge was simply "variation of his earlier appeal").

Defendant relies on *United States v. McDonald*, 611 F.2d 1291 (9th Cir. 1980), to support his contention that, under V.R.Cr.P. 35, he can challenge his sentence at any time, even if the same issue was previously litigated and decided. *McDonald*, however, is inapposite. In that case, the defendant was convicted and sentenced, but when he violated the conditions of his probation, the trial court revoked probation, vacated the sentence and resentenced him to a longer term. The defendant did not appeal from his resentencing. He subsequently filed a mo-

---

[1] Indeed, some courts have barred such challenges when an issue could have been raised previously. See, e.g., *People v. Hubbard*, 519 P.2d 945, 947-48 (Colo. 1974). However, that issue is not before us, and we do not address it.

tion to vacate the sentence, which the trial court denied. On appeal from the denial of the motion to vacate, the prosecution argued that the defendant was barred from bringing the motion because he did not appeal from the resentencing. The Ninth Circuit Court of Appeals disagreed, in part relying on the broad language of Rule 35. The court further held that, under the federal law in effect at the time, upon revocation of probation, defendant could not be required to serve a longer sentence than that originally imposed. Thus, the court reversed and remanded.

Defendant contends that the facts of *McDonald* are analogous to those of the case at bar. We disagree. In *McDonald,* unlike this case, the defendant had not previously challenged his sentence. Here, by contrast, defendant challenged the constitutionality of the sentencing statute before his sentence was imposed, and a decision was rendered adverse to him. Thus, the question here is not, as it was in *McDonald,* whether defendant has waived the right to challenge his sentence at all. Rather, it is whether defendant should be permitted to challenge his sentence twice on the same grounds. We conclude that he should not.

In this case, prior to sentencing, defendant filed two motions. In one, he challenged the constitutionality of 13 V.S.A. § 2311(c). In the other, he argued that sentencing him for both aggravated murder and aggravated sexual assault would violate the Double Jeopardy Clause. Both motions were denied. Defendant appealed to this Court, arguing, among other things, that the court erred in denying the latter motion. However, defendant did not appeal the court's ruling on the former motion. Defendant subsequently filed a V.R.Cr.P. 35 motion, challenging the constitutionality of 13 V.S.A. § 2311(c) on the same grounds as he had raised in his previous motion. Under these facts, we conclude that defendant is barred from

raising the issue a second time. See *Rowe v. Brown,* 157 Vt. 373, 379, 599 A.2d 333, 337 (1991) ("Issues not raised on appeal are deemed waived."); cf. *In re Hart,* 167 Vt. 630, 630-31, 715 A.2d 640, 641 (1998) ("To allow an issue which had been deliberately waived on appeal to be asserted under post-conviction review would be '[t]o grant petitioner redress . . . that he is entitled, at his own election, to have each claim of trial error the subject of separate appellate reviews.'") (quoting *Berard v. Moeykens,* 132 Vt. 597, 600, 326 A.2d 166, 168 (1974) (alterations in original));[2] *In re Vermont Power Exch.,* 159 Vt. 168, 173, 181, 617 A.2d 418, 421, 425 (1992) (decision below was never appealed; thus, decision became final and binding for purposes of collateral estoppel).

Defendant next argues, and the State concurs, that the district court lacked subject-matter jurisdiction over defendant's V.R.Cr.P. 33 motion for a new trial. We agree. Under V.R.Cr.P. 33, a motion for a new trial based on grounds other than newly discovered evidence must be brought within ten days of the verdict. Here, the verdict was rendered in August 1995, and defendant filed his motion in December 1998. As defendant's motion was not based on newly discovered evidence, it was untimely. Consequently, the court lacked subject-matter jurisdiction over the motion. Therefore, we vacate the decision below. See *Subud of Woodstock, Inc. v. Town of Barnard,* 169 Vt. 582, 583, 732 A.2d 749, 751 (1999) (in absence of subject-matter jurisdiction, decision below must be vacated).

The State argues that we should affirm the decision because the court reached

---

[2]To be sure, the issue presently before us did not originate in a post-conviction relief proceeding, whereas the issue before us in *Hart* did. Nonetheless, the underlying rationale, quoted above, is the same regardless of whether the case is a post-conviction relief proceeding or not.

the correct result, albeit for the wrong reason. However, we will not consider either the court's reasoning or the merits of its decision because the court had no authority over the motion in the first instance. See *Verrill v. Dewey*, 130 Vt. 627, 633, 299 A.2d 182, 185 (1972) (when court lacks subject-matter jurisdiction, it has no authority to consider issue).

*Affirmed in part and vacated in part.*