2007 VT 48

**STATE of Vermont v. Donald WIGG**

[928 A.2d 494]

No. 05-530

¶ 1. May 24, 2007. Defendant Donald Wigg appeals a district court order mandating that he comply with 20 V.S.A. § 1933 (2000), which requires that all persons convicted of enumerated violent crimes submit a DNA sample to the State for testing and inclusion in the state and federal DNA databases.[1] On appeal, defendant does not claim any error in the proceedings that led to the sampling order, but instead challenges the proceedings that led to his conviction for the underlying crime. He also claims several errors in our decision affirming that conviction and denying his motion

[1] This statute has been amended to require a person convicted of any felony in Vermont to submit a DNA sample. 2005, No. 83, § 8. This order refers only to the statute in effect prior to the 2005 amendment.

for reargument. Finally, defendant challenges the DNA statute under the state and federal constitutions. We affirm.

¶ 2. In 2003, a jury convicted defendant of felony lewd or lascivious conduct with a child, 13 V.S.A. § 2602, one of the crimes enumerated in the DNA statute, 20 V.S.A. § 1932(12)(M) (2000). Defendant appealed his conviction to this Court, and we affirmed in July 2005. *State v. Wigg*, 2005 VT 91, ¶ 1, 179 Vt. 65, 889 A.2d 233. While defendant was incarcerated on that charge at a facility in Kentucky, he received notice in February 2005 from the Vermont Department of Corrections (DOC) that he was required to submit a DNA sample to the State. When a DOC employee arrived to collect defendant's DNA in March 2005, defendant refused and signed the State's Refusal Form. The State immediately moved to compel DNA sampling from defendant. 20 V.S.A. § 1935 (2000). Attached to its motion, the State submitted the signed Refusal Form, the notice form, and an affidavit from the DOC employee who had attempted to collect defendant's DNA. Based on these supporting materials, the district court granted the State's motion, subject to defendant's statutory right to a hearing.[2]

[2] We observe that the district court's provisional grant of the State's motion varies from the procedure dictated by the DNA statute. According to the statute, a defendant is entitled to a hearing before the court issues an order compelling him to provide a DNA sample. 20 V.S.A. § 1935(b). Because defendant requested and received a hearing before being compelled to submit a sample, however, he was not denied any of the rights guaranteed by the statute. Since defendant claims no error in this procedure, it is not preserved for review, and we need not

¶ 3. After receiving notice of the district court's order, in April 2005, defendant filed an objection to the State's motion and requested a hearing. The basis of defendant's objection was that, because the direct appeal of his underlying conviction was still pending before this Court, the judgment against him was not final. The hearing regarding defendant's DNA sampling was held in November 2005, after we affirmed defendant's underlying conviction and denied his motion for reargument. Following the hearing, the district court ordered defendant to provide the State a DNA sample. This appeal followed.

¶ 4. The district court's initial provisional order directing defendant to provide a DNA sample was based on its finding that the State's submissions demonstrated that defendant was a person required by statute to submit a sample. At the hearing, the court found facts, which defendant conceded, establishing that defendant was required to provide a sample under the terms of the statute. The final order, issued after the hearing, implicitly incorporates the court's findings. We reverse the district court's factual findings only when they are clearly erroneous. *State v. Willis*, 2006 VT 128, ¶ 22, 181 Vt. 170, 915 A.2d 208. There was no error here.

¶ 5. The statute limits the scope of the compelled-sampling hearing to the sole issue of whether the person refusing to provide the sample is a person statutorily required to provide one. 20 V.S.A. § 1935(b), (c) (2000).[3] The hearing is intended simply to determine whether a

defendant is a "person convicted in a court in this state of a violent crime on or after the effective date of [the DNA database statute]," 20 V.S.A. § 1933(a)(1) (2000), or a "person who was convicted in a court in this state of a violent crime prior to the effective date of [the statute] and [who], after the effective date," is in state custody, on probation, parole, or serving a supervised community sentence for the violent crime, *id.* § 1933(a)(2). The effective date of the statute was April 29, 1998. Defendant was convicted in 2003, and his conviction was affirmed in 2005. Defendant never disputed that he was convicted of an enumerated violent crime after the effective date of the statute. Given these undisputed facts, the district court did not err in finding that defendant was required to provide a sample.

¶ 6. Defendant argued at his hearing, and contends on this appeal, that he was wrongfully convicted of the underlying lewd-or-lascivious-conduct charge due to a variety of errors at the trial court, that his direct appeal was wrongly decided by this Court, and that we wrongly denied his motion to reargue. But a § 1935 hearing is not a forum for defendants to collaterally attack their convictions. The district court properly declined to consider these alleged errors. There are avenues available to defendants to further challenge their convictions after a direct appeal has failed, but the § 1935 hearing is not one of them.[4] In the event that defendant's conviction is overturned or he is pardoned, the statute provides that his DNA sample and information will be removed from the state data bank and from the state and federal databases. 20 V.S.A. § 1940(a) (Cum. Supp. 2006). By including that provision, the Legislature

---

address it further. See *N. Terminals, Inc. v. Smith Grocery & Variety, Inc.*, 138 Vt. 389, 394, 418 A.2d 22, 25 (1980).

[3] Of course, a defendant may challenge the constitutionality of the sampling statute itself at the sampling hearing.

[4] Defendant currently has a habeas corpus petition pending in federal district court. See 28 U.S.C. § 2253.

indicated that it did not intend to allow defendants to refuse to submit DNA samples until every possible avenue of appeal, pardon, or post-conviction relief is exhausted. Even if defendant may one day obtain relief from his conviction, by way of his habeas petition or otherwise, that possibility is no bar to requiring him to submit a DNA sample now.

¶ 7. Defendant also raises state and federal constitutional challenges to the DNA database statute. He claims that the statute violates Article 11 of the Vermont Constitution and the Fourth Amendment to the United States Constitution. As noted *supra*, note 3, defendant could have raised these challenges at the sampling hearing, but did not do so. Accordingly, we do not review them here. *State v. Nash*, 144 Vt. 427, 433, 479 A.2d 757, 760-61 (1984).

*Affirmed.*