### STATE of Vermont v. Arthur G. STYLES, III

[693 A.2d 734]

No. 96-234

April 1, 1997. Defendant Arthur Styles appeals a finding that he violated his conditions of probation and the resultant revocation of his probation. We vacate and remand.

On November 3, 1994, defendant pled nolo contendere to a charge of domestic assault in violation of 13 V.S.A. § 1042. He received a sentence of four to twelve months, all suspended except for thirty days, and probation with conditions. In a complaint dated January 29, 1996, the State alleged that defendant violated the following conditions:

H: You shall participate fully in any program to which you may be referred by the Court or your probation officer.
J: You shall not engage in

threatening, violent or assaultive behavior.
M: You shall not purchase, possess or consume regulated drugs unless prescribed for your use by a physician. You shall submit to urinalysis testing when requested by your probation officer, or any other person authorized by your probation officer.
8: You shall complete payment of your fine(s) of $17.50 surcharge to your probation officer on a schedule determined by your probation officer.
14: Defendant is to attend **DAEP.** Defendant is to attend **DAY ONE.** Defendant is to follow all **Family Abuse Orders.**

At a hearing on March 21, 1996, a police officer testified that on January 24, 1996 he responded to a call involving an alleged violation of a relief-from-abuse order. Over defense counsel's objections, the court allowed the police officer to testify concerning hearsay statements made by the complainant and another witness, and admitted affidavits by complainant and the other witness into evidence. Next, defendant's probation officer testified concerning defendant's attendance at DAEP and the Day One program, defendant's alleged violation of a restraining order, defendant's nonpayment of the $17.50 fine, and defendant's urinalysis tests. Based on this evidence, the trial court found that defendant had violated his conditions of probation and revoked his probation.

Defendant contends that the trial court erred in admitting hearsay evidence in a probation revocation hearing without stating on the record its reasons for admitting the hearsay evidence and making a finding of good cause. In *State v. Austin*, 165 Vt. 389, 396, 685 A.2d 1076, 1081 (1996), we held that "in a probation revocation hearing, a trial court must make an

explicit finding, and must state its reasons on the record, whether there is good cause for dispensing with the probationer's confrontation right and admitting hearsay into evidence." The trial court did not make explicit findings and did not state its reasons on the record for admitting hearsay into evidence at defendant's hearing. Nor did the trial court specify which conditions of probation were violated and how they were violated. We are consequently unable to determine whether the trial court relied on impermissible hearsay in revoking defendant's probation and must vacate the revocation on these grounds.

The State nonetheless argues that the rule in *Austin* should not apply retroactively to defendant's case because (1) defendant's underlying criminal conviction was final before *Austin* was issued and (2) probation-revocation hearings are noncriminal proceedings to which civil rules of retroactivity should apply. The State concedes, however, that the appeal of defendant's probation revocation was on direct review at the time *Austin* was issued. We have previously adopted the common law rule that a change in law will be given effect while a case is on direct review, except in extraordinary cases. *State v. Shattuck*, 141 Vt. 523, 529-30, 450 A.2d 1122, 1125 (1982). This rule applies whether the proceedings are civil or criminal. *Id.* at 529, 450 A.2d at 1125; accord *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993) (rule of federal-law retroactivity is same in civil and criminal cases). Thus, even if we accepted the State's assertion that a probation-revocation hearing is a civil proceeding for purposes of determining retroactivity, we would reach the same result.

We agree with the State that there was enough nonhearsay evidence for the court to find that defendant violated at least one condition of probation. We conclude that the proper remedy is to remand for the district court to issue findings of fact,

relying on evidence properly considered under *Austin*, and conclusions based on those findings. If it concludes that defendant violated conditions of probation, it may resentence in light of the violations found.

*Vacated and remanded.*