## State of Vermont v. Sequoya Pitts

[800 A.2d 481]

No. 00-399

Present: **Amestoy, C.J., Dooley, Morse and Johnson, JJ., and Corsones, D.J., Specially Assigned**

Opinion Filed May 17, 2002

*William H. Sorrell*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Robert Appel*, Defender General, and *William A. Nelson*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Amestoy, C.J.** Defendant appeals a jury conviction in Chittenden District Court for accessory to aggravated assault in violation of 13 V.S.A. §§ 3 and 1024. Defendant argues that (1) the jury instructions on accomplice liability failed to require the jury to find that she shared in the principal's intent; and (2) defendant had no notice of the State's intention to charge her for accomplice liability and where a defendant is not charged as an accomplice, she cannot be convicted as one. We affirm.

Defendant was charged with aggravated assault on Kristina Prior, in violation of 13 V.S.A. § 1024(a)(1), after an altercation on April 12, 1999, which left Ms. Prior with a laceration to her face requiring fifteen stitches and leaving permanent scars. Defendant was acquitted of principal liability for the aggravated assault but was convicted as an accomplice.

On the evening of April 11, 1999, defendant and her friend Natalie Wright decided to go out. Ms. Wright had never been to Vermont and had come to visit defendant. At a friend's house, defendant and Ms. Wright wrote a rap song. Later, the group headed to a bar and dance club in Burlington. Also at the bar was Ms. Prior, who was engaged to the father of defendant's child, accompanied by her friends. The two groups did not interact, save for a brief exchange between defendant and Ms. Prior.

Ms. Prior and her friends left the bar and, on their way back to Ms. Prior's King Street residence, stopped at a pizzeria. The defendant was standing outside of the pizzeria with Ms. Wright and others. Ms. Prior and her friends began to leave the pizzeria to head home and walked past defendant and Ms. Wright. Defendant followed Ms. Prior and pushed her. An altercation ensued, and Ms. Wright joined the fight. Defendant and Ms. Wright took turns fighting Ms. Prior until Ms. Prior felt a sudden burn on her check, which she later realized was a laceration to her face. Ms. Prior did not see who had cut her. The

police arrived at the scene and took defendant into custody. The police recovered a box cutter and found the three-page handwritten rap song in defendant's pocket.

Defendant was charged with aggravated assault, in violation of 13 V.S.A. § 1024(a)(1), and simple assault, in violation of 13 V.S.A. § 1023(a)(1). The State proceeded under two theories at trial: that defendant was the principal in the aggravated assault, or in the alternative, that defendant aided in the commission of the felony of aggravated assault. See 13 V.S.A. § 3 (person who aids in felony will be punished as principal). Defendant conceded simple assault at trial. The jury acquitted defendant as the principal but convicted her of accessory to aggravated assault.

On appeal, defendant raises two arguments: (1) that the trial court erred in its instructions to the jury on accomplice liability because the instructions allowed the jury to convict defendant under the theory of accomplice liability without finding that she shared the principal's intent, as required by *State v. Bacon*, 163 Vt. 279, 289, 658 A.2d 54, 61-62 (1995); and (2) that defendant lacked notice of the accomplice charge, as the information never charged her as an accomplice but only as a principal to the aggravated assault.

First, defendant challenges the jury instruction on accomplice liability. In reviewing the trial court's charge to the jury, we read the charge as a whole, rather than piecemeal, and will uphold the instruction where it "breathes the true spirit and doctrine of the law" and does not mislead the jury. *Harris v. Carbonneau*, 165 Vt. 433, 438, 685 A.2d 296, 300 (1996) (internal citation omitted). Defendant argues that the jury instruction was error, because it did not require the jury to find that defendant shared the intent of the principal, Ms. Wright, to cut Ms. Prior with the box cutter. At trial, defendant requested that the court instruct the jury that defendant could be convicted of accomplice liability only if she intended to "purposely cause serious bodily injury to Kristina Prior *by cutting her*." (emphasis added). Defendant asserts that the court's rejection of this proposed instruction was error, and that our holding in *State v. Bacon*, 163 Vt. at 289, 658 A.2d at 62, mandates a jury instruction which requires the defendant to share the intent of the principal as to *the means* by which the crime will be committed, in order to convict the defendant for accomplice liability.

Accomplice liability is meant to convict "defendants who intended to, and did in fact, aid in the commission of the charged offense, but who were not the primary perpetrators of the crime or did

not participate in every aspect of the planned illegal act." *Id.* at 290, 658 A.2d at 62. In *State v. Bacon*, we rejected an accomplice liability theory based on language from our earlier decision in *State v. Orlandi*, 106 Vt. 165, 171-72, 170 A. 908, 910-11 (1934), *overruled by Bacon*, 163 Vt. at 289, 658 A.2d at 61-62, that would permit the principal's intent to be imputed to the accomplice so long as the result followed as a natural consequence of the common plan, even if it was not intended as a part of the original plan. *Bacon*, 163 Vt. at 289, 658 A.2d at 61-62. Rather, we held that a defendant can be convicted as an accomplice only where he acted with the same intent that is required to convict the principal. *Id.* at 289, 658 A.2d at 61 (citing *State v. Davignon*, 152 Vt. 209, 215, 565 A.2d 1301, 1304 (1989)).

Defendant's argument implicitly suggests that the jury could have erroneously convicted defendant as an accomplice to aggravated assault by finding she intended to cause bodily injury to Ms. Prior with her fists, an intent sufficient only to convict for simple assault. We disagree.

The State's theory of accomplice liability was based on the rap song found on defendant at the scene, written by defendant and Ms. Wright prior to their going out for the evening. It read in part:

> Lettin yall bitches know yall the waekest to ever walk across my path, and it's you talk that shit & pop that shit, but what yall bitches don't know that my girl Ox will stop that shit. Slicin bitches where there eyelids meet, so let me just keep this brief because yall King Street pigeon heads will loose some teeth.

The song was written in the first person of "Shortie Assassin," identified in trial testimony to be defendant, and foretold that "Ox," identified in trial testimony to be Ms. Wright, would hurt the women from King Street.

The State's evidence established that the events of that evening mirrored those in the song: Ms. Wright and defendant did assault Ms. Prior, a resident of King Street, by cutting her on her face as predicted in the song, "my girl Ox ... [s]licin bitches where there eyelids meet." The fact that Ms. Wright, a resident of New York City, had never been to Vermont nor met the victim previous to the altercation; that defendant knew the victim, and shared a strained and jealous relationship with her, given their interest in the father of defendant's child; and that defendant and Ms. Wright stopped assaulting the victim as soon as the victim's face was cut supported

the State's theory that defendant intended for herself or Ms. Wright to cause serious bodily injury to Ms. Prior. The State, in its closing argument, argued both the principal and accomplice liability theories. In its discussion of defendant as an accomplice, the State argued: "If you believe that the defendant . . . engaged in a common scheme, if it was her intent that Kristina Prior be injured, that she suffer a serious physical injury, it doesn't matter who wielded the knife."

The challenged instruction reads in pertinent part:

> The State's second theory does not require the jury to find that Ms. Pitts actually delivered the cutting blow to Ms. Prior's face with the razor blade. Ms. Pitts would share criminal responsibility for that act, an aggravated assault, if the evidence shows that Ms. Pitts knowingly acted in concert with another in a common plan to inflict serious injury on Ms. Prior.

The instruction required a finding that defendant had a common plan with Ms. Wright, the principal, in order to convict. It later specified, "You have [to] find that they came to a common plan and that [Ms. Pitts] materially participated in that. That she just didn't happen to be there when it happened or that Ms. Wright did it without Ms. Pitts' knowledge, understanding, or agreement." This instruction accurately reflects our jurisprudence on accomplice liability. See *State v. Davignon*, 152 Vt. at 214-15, 565 A.2d at 1304 (no error in instruction on accomplice liability where it provided that all who have common understanding and purpose to commit crime and who knowingly and intentionally participate in criminal act are liable for acts of principal).

Defendant's claim of error on the jury charge is based on the misguided premise that *Bacon* stands for the proposition that an accomplice must share not only the principal's intent to commit the elements of the crime, but also share the principal's intent as to the means which will be used to carry out the crime. Our decision to overturn the conviction in *Bacon* did not arise out of a concern that the defendant did not share the principal's intent to use the crossbar to murder the victim but rather from our concern that the defendant did not share the intent to murder at all. *Bacon*, 163 Vt. at 283, 658 A.2d at 58. Defendant need not share with the principal the intent to use the exact means of the crime, so long as she shares the intent to commit all the elements of the crime. See *State v. Bissonette*, 145 Vt.

381, 391, 488 A.2d 1231, 1237 (1985) (defendant's conviction for false pretenses affirmed where defendant participated in a preconceived plan, even if he did not know of each false representation that would be made).

Moreover, the jury's responses to special interrogatories provide an additional basis for concluding that the jury properly considered whether defendant shared the principal's intent to cause the victim serious bodily injury and that the victim's disfigurement by the box cutter constituted the serious bodily injury. The first interrogatory, to which the jury responded "no," asked whether "the defendant acted directly in striking Ms. Prior with the box cutter." The second interrogatory, to which the jury responded "yes," asked whether "the defendant knowingly acted in a common plan with another to directly cause the injury." These questions, taken together, leave no doubt that the serious bodily injury was caused by the box cutter and that defendant was guilty of accomplice liability only if she shared an intent to cause the injury. We find no error.

Although not briefed, defendant raised an additional claim in oral argument, that the information did not charge defendant as an accomplice, but only as a principal, and that the failure to include in the information the charge of accomplice liability, in violation of 13 V.S.A. § 3, prevented her from preparing an adequate defense on that charge.* The purpose of the information is to give the defendant notice of the offense charged and adequate opportunity to prepare a defense. *State v. Roy*, 151 Vt. 17, 29, 557 A.2d 884, 891 (1989).

Defendant had adequate notice of the State's potential to raise accomplice liability. Vermont law allows a defendant who was charged only as a principal to be convicted as an accomplice. *State v. Jaramillo*, 140 Vt. 206, 208, 436 A.2d 757, 758 (1981) (rejecting the defendant's claim that one charged with principal liability cannot be convicted of accessory liability based on same evidence). Given that this principle of Vermont law was well established at the time defendant was charged, we find no merit to defendant's claim. In any event, it is difficult to see how the defense in this case would be any different for accomplice liability. Testimony at trial put defendant at the scene of the altercation, established a motive unique to defendant, and suggested a common plan, evinced by the rap song found on defendant. Defendant

---

* The amended information charged that defendant "was then and there a person who recklessly caused serious bodily injury to another, to wit: Kristina Prior, to wit: by cutting her, in violation of 13 V.S.A. § 1024(a)(1)."

attempted to refute the accomplice theory with, for example, testimony indicating that Ms. Wright was the primary author of the rap song.

Nor are we persuaded by defendant's additional unbriefed assertion that charging a defendant as a principal alone, but convicting her on a theory of accomplice liability, is inherently unfair. While under the common law one charged only as a principal could not be convicted as an accomplice, later statutes in many jurisdictions have allowed the conviction of defendants as accomplices where they have been indicted exclusively as principals. See 2 W. LaFave & A. Scott, Substantive Criminal Law § 6.6(d)-(e), at 130-35 (1986) (later state statutes addressed problem of accomplices escaping altogether from liability because of uncertainties arising out of multiple defendant crimes or whether defendant was actually or constructively present); see also *Standefer v. United States*, 447 U.S. 10, 16-20 (1980) (tracing history of American law which eliminated distinctions between principal and accomplice liability). Vermont law provides a statutory basis for establishing accomplice liability where the information has charged a defendant only as a principal. 13 V.S.A. § 3. Where the evidence establishes beyond a reasonable doubt that a defendant acted with the same intent as required to convict the principal, a defendant charged only as a principal may be convicted on the basis of accomplice liability. That is the case here.

*Affirmed.*