2003 VT 15

**STATE of Vermont v.
Norman STEVENS**

[825 A.2d 8]

No. 01-465

¶ 1. February 7, 2003. Defendant Norman Stevens appeals from his conviction by jury of attempted first-degree murder, kidnapping, burglary, two counts of aggravated assault, and violation of an abuse prevention order. Defendant argues that (1) the trial court's burglary instruction constituted plain error because it permitted the jury to find defendant guilty of burglary based on elements not charged in the information; (2) his convictions for attempted first-degree murder, kidnapping, and one of the counts of aggravated assault violated the Double Jeopardy Clause; and (3) the imposition of a sentence of life without parole, pursuant to 13 V.S.A. § 2303, violated both the Vermont and United States Constitutions. We affirm.

¶ 2. The facts are not in dispute. Prior to August 13, 1999, defendant had been romantically involved with Amy Cruickshank. On August 13, Cruickshank obtained a temporary relief from abuse order, which was served on defendant that afternoon. In the early hours of August 14, defendant broke into the motel room where Cruickshank was residing and where she was asleep with her boyfriend, Christopher Massey. Defendant attacked Cruickshank and Massey with a hammer, injuring both of them and driving Massey from the room. Defendant dragged Cruickshank by the hair out of the room and toward his van parked outside. Defendant had equipped the van with ropes on the front passenger seat in order to restrain Cruickshank, as well as with gasoline and flares with which defendant intended to set the vehicle on fire. As defendant dragged Cruickshank towards the van, he was apprehended by several neighbors, who restrained him until the police arrived. Defendant voluntarily admitted to the police that he had assaulted the victims and further indicated that he had intended to go down the road and set the vehicle on fire with Cruickshank inside.

¶ 3. At trial, the jury found defendant guilty of six counts: attempted first-degree murder of Cruickshank, aggravated assault of Cruickshank and Massey, kidnapping, burglary, and violation of an abuse prevention order. The court sentenced defendant to life without parole for both the attempted murder conviction and the kidnapping conviction, issuing a sentencing statement that laid out the aggravating factors under 13 V.S.A. § 2303(d) that the court considered. Defendant was also given sentences of fourteen to fifteen years on both aggravated assault convictions, twenty-four to twenty-five years on the burglary conviction, and eleven to twelve months for the violation of the abuse prevention order, all of which were to run concurrent to the life sentences but consecutive to each other. Defendant subsequently brought this appeal.

¶ 4. Defendant first argues that the trial court erred by instructing the jury that they could find him guilty of burglary if he entered the motel room with intent to commit either murder, aggravated assault, or simple assault. Defendant contends that because the amended information specified that he entered the room with intent to commit murder, the court's instruction permitted conviction of a crime not charged and thereby denied him an opportunity to adequately defend himself on the burglary charge. Defendant acknowledges that since he failed to object to the court's instruction after it was given, this Court's review of defendant's claim is limited to plain er-

ror. See *State v. Tahair*, 172 Vt. 101, 104-05, 772 A.2d 1079, 1082 (2001).

¶ 5. We find no prejudice here and therefore no plain error. See *State v. Carpenter*, 170 Vt. 371, 375, 749 A.2d 1137, 1140 (2000) (for a finding of plain error, "[t]he error must not only affect substantial rights, but also have an unfair prejudicial impact on the jury's deliberations"). Defendant contends that the court's instruction denied him adequate notice of the charges against him and therefore impaired his ability to adequately defend himself. Yet we fail to see how defendant's defense or the jury's deliberations would have been different had the amended information included aggravated assault and simple assault. First, the State specified throughout trial that defendant entered the room with the intent of killing Cruickshank in his van, and the jury ultimately found defendant guilty of attempted murder. Second, defendant was sufficiently on notice of the other two intended offenses, both through the informations and through the evidence presented by the State at trial — including defendant's own admissions that he had assaulted the victims — and the jury ultimately found defendant guilty of the aggravated assault of Cruickshank. Defendant fails to offer any scenario under which the jury could have reasonably concluded that his unlawful entry was without the requisite intent for the burglary charge. Cf. *State v. Pitts*, 174 Vt. 21, 26, 800 A.2d 481, 485 (2002) (rejecting claim that failure of information to charge accomplice liability denied defendant adequate opportunity to defend, noting it was difficult to see how defense would have been different given a different information).

¶ 6. Defendant next argues that his convictions for aggravated assault of Cruickshank and kidnapping violate the Double Jeopardy Clause of the United States Constitution because they criminalize the same behavior as the conviction for attempted first-degree murder.

Although he did not raise this claim at trial, defendant contends that his convictions for aggravated assault and kidnapping must be reversed as plain error.

¶ 7. We find no double jeopardy violation, and therefore no plain error. The Double Jeopardy Clause, applicable to the states through the Fourteenth Amendment, *Benton v. Maryland*, 395 U.S. 784, 795 (1969), prevents multiple prosecutions for the same crime, "as well as the imposition of multiple punishments for the same offense." *State v. Grega*, 168 Vt. 363, 382, 721 A.2d 445, 458 (1998) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). However, the Double Jeopardy Clause does not prevent the State from trying a defendant in a single trial for two statutory offenses arising from the same event, so long as "'each provision requires proof of a fact which the other does not.'" *Id.* (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Here, the charges against defendant of attempted first-degree murder under 13 V.S.A. §§ 9, 2301, and 2303 and aggravated assault under 13 V.S.A. § 1024(a)(2) each contain an element that the other does not: the attempted first-degree murder charge requires proof of a deliberate and premeditated attempt to kill, which is not required by the aggravated assault charge, and the aggravated assault charge requires proof of the use of a deadly weapon, which is not required by the attempted first-degree murder charge. The same is true for the attempted first-degree murder charge and the charge of kidnapping under 13 V.S.A. § 2405(a)(1)(C): the attempted first-degree murder charge requires proof of a deliberate and premeditated attempt to kill, which is not required by the kidnapping charge, and the kidnapping charge requires proof of restraint, which is not required by the attempted first-degree murder charge. See *State v. Ritter*, 167 Vt. 632, 633, 714 A.2d 624, 625 (1998) (mem.) (dual convictions for second-

degree aggravated domestic assault, one under 13 V.S.A. § 1044(a)(1) and one under 13 V.S.A. § 1044(a)(2), do not violate Double Jeopardy Clause because each requires proof of a fact that the other does not).

¶ 8. Moreover, there was sufficient evidence presented at trial to demonstrate that the three offenses resulted from separate and distinct criminal acts. There was substantial evidence to convict defendant of aggravated assault based on his act of hitting of Cruickshank in the head with a hammer; of kidnapping based on his act of dragging of Cruickshank from inside the motel room to his parked van; and of attempted first-degree murder based on his act of opening the van door with Cruickshank in his grasp with the intent to restrain Cruickshank inside the van and set it on fire. Such a pattern of inculpatory evidence makes double jeopardy considerations inapplicable. See *State v. Karov*, 170 Vt. 650, 651-52, 756 A.2d 1236, 1239 (2000) (mem.) (since convictions for aggravated assault and aggravated domestic assault resulted from two separate acts, "defendant [was] not in one of the two situations giving rise to double jeopardy concerns").

¶ 9. Defendant's final claim of error is that the trial court's "enhancement" of his sentence, imposed in accordance with 13 V.S.A. § 2303 on a finding of certain aggravating factors, violated Chapter I, Article 10 and Chapter I, Article 12 of the Vermont Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution. He argues that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Ring v. Arizona*, 536 U.S. 584 (2002), and *Harris v. United States*, 536 U.S. 545 (2002), aggravating factors can be used only to enhance a sentence beyond the statutory maximum if their presence is determined by the jury, beyond a reasonable doubt, not by the judge.

¶ 10. We reject this argument for two reasons. First, defendant did not present this challenge to the trial court, and makes no plain error argument on appeal. See *State v. Nash*, 144 Vt. 427, 435, 479 A.2d 757, 762 (1984) (Court will ordinarily not hear objection to sentencing raised for first time on appeal); *State v. Parizo*, 163 Vt. 103, 108, 655 A.2d 716, 719 (1994) (Court declines to address claimed error in jury charge where defendant failed to object after charge was given and made no plain error argument on appeal). Second, defendant has not demonstrated prejudice as would be required under the plain error standard of review. See *State v. Emilo*, 145 Vt. 405, 410, 491 A.2d 341, 344 (1985) (issue raised on appeal for first time must constitute plain error to warrant reversal); *Carpenter*, 170 Vt. at 375, 749 A.2d at 1140 ("The error must not only affect substantial rights, but also have an unfair prejudicial impact on the jury's deliberations."); see also *United States v. Doe*, 297 F.3d 76, 82 (2d Cir. 2002) (applying plain error review where defendant raised *Apprendi*-based arguments for first time on appeal); *United States v. Mackins*, 315 F.3d 399, 406 (4th Cir. 2003) (same). In its sentencing decision, the court stated that "two aggravating factors outweigh all considerations." These factors were defendant's "well-developed plan" to kill Cruickshank "in a particularly cruel and painful manner" and defendant's prior conviction for aggravated assault. The facts relevant to the first factor were found by the jury, as such a finding would be necessary to support the conclusion that the elements of the attempted murder charge had been proven. As to the second aggravating factor, *Apprendi* explicitly allows the fact of a prior conviction to be used for sentence enhancement without it being found by the jury. See *Apprendi*, 530 U.S. at 490. Thus, defendant offers no basis to conclude that there would have been a different result had the jury been required to find the aggravating factors. We find no plain error, if any error at all.

*Affirmed.*

Motion for reargument denied March 11, 2003.