2005 VT 3

**STATE of Vermont v. Shawn GIBNEY**

[869 A.2d 118]

No. 03-445

¶ 1. January 11, 2005. Defendant Shawn Gibney appeals a trial court order ruling that he waived his ability to raise arguments under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), at his resentencing hearing. We affirm.

¶ 2. Defendant was convicted of first degree murder and sentenced to fifty years to life. He appealed, and we af-

firmed the conviction, but remanded for resentencing, holding that the trial court had incorrectly interpreted the meaning of "victims" to include the decedent's family members. *State v. Gibney*, 2003 VT 26, ¶¶ 50-53, 175 Vt. 180, 825 A.2d 32 (interpreting 13 V.S.A. § 2303(d)(6)). The remand was necessary because the trial court had included six victims, instead of one, as an aggravating factor and did not indicate how much weight it accorded this factor. *Id.* ¶ 53. On remand defendant argued that the court could not impose a sentence higher than the statutory minimum unless a jury determined the validity of the aggravating factors beyond a reasonable doubt. See *Apprendi*, 530 U.S. at 490 (holding that any fact that increases the penalty for a crime above the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt).

¶ 3. The court ruled that defendant had waived his right to appeal on these grounds because defendant never sought to have sentencing factors determined by the jury in the original sentencing proceeding and never raised the *Apprendi* issue in his original appeal to this Court. In addition, the court noted that our remand was narrow, limited only to a re-determination of the sentence without consideration of an enhancement factor because of multiple victims.

¶ 4. We make no judgment on the applicability of *Apprendi* to statutory minimums, and we agree with the trial court that, in any event, defendant waived this argument under the Federal and Vermont Constitutions. At his original sentencing, defendant never argued enhancement factors could be considered only if their application was determined by a jury. Defendant filed a notice of appeal in the trial court on February 24, 1999. The United States Supreme Court decided *Apprendi* on June 26, 2000. Defendant submitted his appeal brief to this Court in May 2001 and never mentioned the *Apprendi* issue in it. We issued a decision on March 28, 2003.

¶ 5. A change in the law applies to a case that is on direct appeal, absent extraordinary circumstances. *State v. Styles*, 166 Vt. 615, 616, 693 A.2d 734, 735 (1997) (mem.). Thus, although defendant did not object in the trial court, he could have raised *Apprendi* in his original appeal for plain error review because the decision issued before he submitted his brief. Defendant presented no *Apprendi* argument, however, and issues that are not raised on appeal are deemed waived. *State v. Grega*, 170 Vt. 573, 575, 750 A.2d 978, 980-81 (1999) (mem.). We faced a similar situation in *State v. Stevens*, 2003 VT 15, ¶ 10, 175 Vt. 503, 825 A.2d 8 (mem.), where defendant argued an *Apprendi* error, after failing to raise it in the district court, and failing to claim plain error. We held that defendant had waived the argument, and we follow that same rationale here. See 2003 VT 15, ¶ 10.

¶ 6. We also agree with the trial court that our remand was narrow and that the resentencing court did not have broad authority to revisit all of the issues that could be presented at an original sentencing hearing. We remanded solely for the court to "reconsider the sentence" in light of the corrected number of victims. *Gibney*, 2003 VT 26, ¶ 53; see *State v. Higgins*, 156 Vt. 192, 193, 588 A.2d 1062, 1062-63 (1991) ("It is axiomatic that on remand the trial court is constrained to follow 'our specific directions as interpreted in light of the opinion.'" (quoting *Coty v. Ramsey Assocs.*, 154 Vt. 168, 171, 573 A.2d 694, 696 (1990))). Thus, the court correctly refused to consider arguments defendant waived in his original appeal and that were not specified in the remand.

*Affirmed.*