*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NOS. 2010-467 & 2011-121

JANUARY  TERM, 2012

| | | |
|---|---|---|
| Allison Lary | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| Richard Goldsborough | } | DOCKET NO. F296-4-01 Cndm |

Trial Judges: Linda Levitt; M. Patricia Zimmerman; Thomas J. Devine

In the above-entitled causes, the Clerk will enter:

Mother appeals pro se from a series of family court orders in this ongoing dispute over child support.  She raises a number of arguments concerning the calculation of her income for purposes of calculating child support.  We affirm.

This case has a long and convoluted history, which we must recount in some detail due to the nature of the arguments on appeal.  Mother and father were married in 1991; they divorced in February 2002.  They have three children, born in 1993, 1994, and 1996, respectively.  Mother was awarded parental rights and responsibilities.  At the time of the divorce, mother was thirty-nine years old and father was forty-one.  In the final divorce order, the court found that mother worked part-time as a nurse during much of the marriage but stopped working in 1998.  Her last position paid $17 per hour.  Mother had highly desirable nursing skills and there were many job openings for nurses.  The court found that mother made no effort to find employment as a nurse after the parties separated and it found no reason why mother could not be employed part-time.  The court thus imputed income to mother based on a twenty-five hour work week at a wage of $17 per hour for a total monthly income of $1,827.  The court found that mother should easily be able to earn $2,500 monthly in the next few years, working part-time.  Father is an attorney, and the court found that his yearly income varied due to the unpredictability of his personal-injury caseload.  By stipulation, father was paying $1,150 per month in child support.

In November 2007, mother, then represented by counsel, moved to modify father's child support obligation.  She asserted that since the date of the last child support order, the parties' respective incomes had changed.  Mother was receiving $2,000 per month in maintenance as of March 2006, rather than $3,000, and mother asserted that she had no other source of income.  Following a hearing, a magistrate issued a December 2008 decision, ordering father to pay $1,707.76 per month in child support.  In reaching her conclusion, the magistrate reiterated that mother could be working and that jobs were available in her field at a good wage.  The magistrate rejected mother's claim that she was unable to work due to the demands of the children's extracurricular schedules and educational needs.

In determining mother's income, the magistrate found that mother had received a gift of $250,000 from her sister in 2002, which mother had been using to meet her expenses rather than working.  Mother's bank records established a pattern of deposits totaling $335,649.75 (not including maintenance and child support).  Averaging mother's deposits from the gifts over the

seventy-four months for which deposit records were available (March 2002 through June 2008), the magistrate found that mother used $4,535.80 per month in gift funds. Mother claimed at the April 2008 hearing that there had been no further gifts from her family except for a car, purchased for her by her sister. She also claimed to have only $10,000 remaining of the original $250,000 gift. Bank records indicated, however, that in May and June the deposits into her checking account exceeded child support and spousal maintenance by over $20,000. The magistrate also found that mother could request additional funds from her family if needed, as reflected by an email from mother to her sister.[1]

The magistrate found that she had several options in determining mother's income for purposes of child support. The statutory definition of "income" included gifts and maintenance. See 15 V.S.A. § 653(5)(A)(i). Mother had received maintenance payments of $3,000 per month between March 2002 and March 2006 and then $2,000 per month. As stated above, mother's expenditures from gift funds over prior six years resulted in an average nontaxable monthly income of $4,535.80.

The magistrate also found that mother was voluntarily unemployed and that mother's unemployment was not in the children's best interests. See 15 V.S.A. § 653(5)(A)(iii). She found that, as of 2008, mother was capable of earning $30.20 per hour based on her education and experience. The magistrate further found that mother could work at least six hours per day, that there were jobs available in her field, and thus that she could earn $3,925.70 per month. The magistrate also looked at interest income and did a "McCormick analysis," finding that mother had income commensurate with her expenses. See McCormick v. McCormick, 159 Vt. 472, 477 (1993) (explaining that "[l]ifestyle and personal expenses may serve as the basis for imputing income where conventional methods for determining income are inadequate"). Mother claimed expenses of $8,674 per month for herself and her children. After subtracting maintenance and child support payments, this left mother with $5,524 in unmet expenses. Even setting aside voluntary payments for educational expenses and activities for the benefit of the children, the magistrate found that mother was spending $4,000 more than she received in maintenance and child support and she had no debt.

The magistrate found that these various methods of calculating income led to approximately the same value. Nonetheless, the magistrate found that mother's actual use of funds was the best determiner of income as it reflected mother's lifestyle and standard of living. Even if there were no more family funds available to her, the court continued, the gift income being used was comparable to mother's potential earnings from employment plus the reasonable potential interest income she could have had by investing the gift in 2002. The magistrate found it unreasonable to impute wages to mother in addition to her use of gift funds given the evidence of mother's election to use the gift funds in lieu of employment. The magistrate thus used a

---

[1] This post-hearing evidence was received by the magistrate after father filed a May 2008 motion to reopen. Father asserted that mother had failed to disclose all gift income that she had received as well as other assets that were available to her. Following a hearing on the motion, the magistrate granted father's request. The magistrate found that mother's resources were of "central concern" in the case and the magistrate was also concerned whether there had been "proper and truthful disclosure of such information" at the April 2008 hearing. The court explained that it was reopening the evidence on the issue of gift income only and that all other determinations would be made based on the evidence presented at the April 2008 hearing. To reopen all of the evidence, the magistrate explained, would delay a decision on the original motion filed in November 2007. The court held an evidentiary hearing in November 2008. Father testified and presented evidence; mother did not testify or present evidence.

figure of $5,700.34 per month, with the result (after considering father's income) that father pay $1,707.76 per month in child support.

Father appealed from this order to the family court, but mother did not. Father argued, in relevant part, that the magistrate erred by failing to impute income to mother based on mother's voluntary unemployment. He maintained that this income should be added to mother's gift income and her income from spousal maintenance. Mother, then represented by counsel, argued that the magistrate calculated her income correctly.

In an August 2009 order, the family court agreed with father and remanded the matter to the magistrate to impute income to mother based on her voluntary unemployment. Mother, then pro se, moved to stay the magistrate's hearing and to reopen the evidence to challenge the magistrate's calculation of her gift income. Mother sought to introduce an affidavit from her brother-in-law concerning future gifts and she requested additional time to gather evidence to challenge the availability and salary of nursing jobs. The magistrate denied the motion to reopen, finding that such evidence was available to mother at the time of the April 2008 hearing and also at the time of the appeal to the family court. Five days later, mother filed another motion to reopen. In this motion, she again sought to challenge the calculation of gift income and to introduce an affidavit from her sister, as well as certain bank records. This motion was similarly denied. Mother then filed a third motion to reopen, seeking to introduce bank records, a letter from a tax advisor, and an excerpt from a November 2009 transcript wherein her sister denied any intention to make more gifts. This motion was denied as well.

The magistrate reiterated that gift income and mother's employability were issues explicitly raised during the original hearing, and the evidence that mother now wanted the magistrate to consider was not new evidence, but rather evidence available to mother at the time of the hearing. The magistrate noted that mother had an additional opportunity to address the gift income issue at the hearing held in November 2008 pursuant to father's motion to reopen. Following the directive of the family court, the magistrate issued a new child support order in November 2009, reducing father's child support obligation to $1,322.76 per month. Mother appealed to the family court.

The family court, with a new trial judge presiding, issued its order in July 2010. As an initial matter, the court found that many of the issues identified by mother in her statement of questions were waived because mother failed to assert them on appeal within thirty days of the magistrate's initial child support order in December 2008. This included mother's assertion that the magistrate erred by including her "gift income." The court also found no abuse of discretion in the magistrate's denial of mother's motions to reopen. In a reversal of its earlier position, however, the court concluded that including both mother's gift income with her imputed employment income would distort mother's income as the magistrate found that mother would not have been using such a great amount of the gift had she been employed. The court held that the magistrate's original December 2008 exclusion of imputed employment earnings from income was within the magistrate's discretion and remanded to the magistrate to reinstate her earlier determination. The magistrate did so in an October 2010 order, and both parties appealed.

In March 2011, the family court affirmed the magistrate's decision.[2] The court again found that mother waived all issues relating to gift income as mother failed to appeal those issues

[2] In the interim, the family court issued a November 2010 order affirming the magistrate's denial of mother's July 2010 motion to reopen. Mother appealed from this order to this Court and the appeal was consolidated with mother's appeal from the family court's March 2011 order.

3

within thirty days of the December 2008 order. It found that mother similarly did not file a timely appeal of the magistrate's determination of father's income, her finding that mother's unemployment was not in the children's best interests, or the magistrate's finding that she could earn $30.20 per hour. The court denied mother's attempt to again question the magistrate's denial of her motions to reopen, noting that this issue was thoroughly addressed in a November 2010 order and that mother raised no new arguments. Finally, the court found that mother appeared to be raising a Vermont Rule of Civil Procedure 60(b)(6) issue for the first time in her appeal. In her statement of questions, mother "request[ed] review based on Rule 60(b)(6) as to new evidence, and based upon the fraud and preferential treatment" that she alleged. Mother stated in one of her filings that she would submit a Rule 60(b) motion or memorandum of law, but did not do so. The court thus declined to address the skeletal argument she posed in her statement of questions. Mother appealed from this order to this Court.

Our review is similar to that exercised by the superior court. It is the magistrate who weighs the evidence and determines the credibility of witnesses. See, e.g., Kanaan v. Kanaan, 163 Vt. 402, 405 (1995) (explaining that factfinder's findings are accorded deference because it is in a "unique position to assess the credibility of witnesses and weigh the evidence presented). The superior court's review of the magistrate's decision is generally based on the record created before the magistrate. See 4 V.S.A. § 465; V.R.F.P. 8(g)(4). The superior court must uphold the magistrate's factual findings unless clearly erroneous, see V.R.C.P. 52(a)(2); V.R.F.P. 4; V.R.F.P. 8(b), and affirm the magistrate's decision "if the conclusions of law are supported by the findings." Tetreault v. Coon, 167 Vt. 396, 399-400 (1998).

As noted above, the final orders on appeal are the superior court's March 2011 decision upholding the magistrate's decision and the court's November 2010 order that affirmed the magistrate's denial of mother's motions to reopen. Mother first argues that the magistrate erred in imputing gift income to her, pointing to evidence and case law that she believes supports her position. She maligns father and his attorney as committing fraud on the court and claims that the court was biased against her. As to the issue of waiver, she asserts that the question of her income had never become final and therefore it is of no moment that she did not appeal from the magistrate's December 2008 child support order. She argues that father's appeal, which challenged the calculation of her income, "opened the entire financial award." Finally, mother states that she raised a Rule 60(b) argument below, apparently in connection with the denial of her motions to reopen. It is not apparent that mother raises any direct challenge to the court's November 2010 order.

We agree with the superior court that mother waived her right to challenge the gift income analysis by failing to timely appeal from the magistrate's December 2008 order. Only father appealed this order. Rather than file a cross-appeal, mother defended the magistrate's calculations. The family court credited father's argument and remanded to the magistrate, but only "for the purpose of imputing unemployment income to mother." Father's appeal did not reopen the case generally and the court did not remand for a general reconsideration of the child support order. Having already calculated the income imputed to mother for her voluntary unemployment, the magistrate's role on remand was essentially ministerial. It was only after the case was remanded—eight months after the magistrate's decision—that mother sought to contest the magistrate's inclusion of gift income. Mother's efforts were too late. It is a well-established rule that issues not raised on appeal are waived for purposes of later review. See, e.g., In re Hart, 167 Vt. 630, 631 (1998) (mem.). The magistrate's December 2008 order was final as to unchallenged issue of mother's gift income.

4

We addressed a similar situation in Havill v. Woodstock Soapstone Co., 2007 VT 17, ¶ 10, 181 Vt. 577 (mem). That case, like here, involved a series of appeals and remands. We held that the defendant waived certain claims by failing to raise them below, and we rejected the argument that this Court's remand order changed that result. As we explained, "the remand order was limited to the issues set forth in the mandate, and did not operate to reopen the case to reargument generally or to authorize the trial court to consider issues beyond the scope of [the Court's] remand." Id.; see also State v. Gibney, 2005 VT 3, ¶ 6, 177 Vt. 633, 869 A.2d 118 (mem.) (concluding that because this Court remanded for consideration of single issue at resentencing hearing the "court correctly refused to consider arguments defendant waived in his original appeal and that were not specified in the remand"); In re Twenty–Four Vt. Utils., 159 Vt. 363, 368 (1992) (explaining that "the scope of remand from this Court was very narrow" and "did not encompass a general reopening" of other issues); Coty v. Ramsey Assocs., Inc., 154 Vt. 168, 171 (1990) (explaining that on remand trial court was "limited to following our specific directions as interpreted in light of the opinion"). In reaching our conclusion, we relied on "the principle that appeals may not be prosecuted in a piecemeal fashion, so that claims which are not raised in the initial appeal may not be brought on remand." Havill, 2007 VT 17, ¶ 10; see also Beaupre v. Green Mountain Power Corp., 168 Vt. 596, 597 (1998) (mem.) ("This Court has long adhered to a policy of avoiding piecemeal appeals")).

We reach a similar conclusion here. Mother had ample opportunity to challenge the magistrate's reliance on her gift income for purposes of calculating father's child support obligation. By failing to timely raise such challenge, mother waived this argument. To hold otherwise would be to allow mother to pursue a piecemeal appeal. To the extent that mother contends that her circumstances with respect to gifts from family or spousal maintenance from father have substantially changed, she is, as the magistrate noted, entitled to file a motion to modify child support prospectively.

Our decision in Knutsen v. Cegalis, 2009 VT 110, 187 Vt. 99, cited by mother, does not compel a contrary conclusion. That case involved a custody dispute. The mother argued that because the father failed to cross-appeal a portion of the custody award granting mother primary rights and responsibilities, the award was res judicata and that portion of the award could not be revisited on appeal or on remand. We rejected this argument, finding the doctrine of res judicata inapplicable. See id. ¶ 16 (explaining that res judicata "precludes relitigation in a second suit of what was or could have been litigated in a suit in which there has been a final judgment"). We explained that the proceedings on appeal and on remand did not constitute "a second suit" for purposes of that doctrine. No party is arguing res judicata here. In Knutsen, moreover, we found that the family court made a comprehensive ruling that was premised on a provision that this Court found unlawful, and we thus found no logical basis for prohibiting the family court from reevaluating the entire custody award on remand. Unlike the decision at issue in Knutsen, the family court's August 2009 order here did not involve the gift income issue and the magistrate was directed only to impute employment income to mother on remand. We note that even if the gift income were not imputed to mother, then the voluntary unemployment income would be, and these values, as the magistrate found, were essentially the same.

We find no error in the superior court's decision not to address mother's insubstantial Rule 60(b) argument. Mother fails to show that she actually filed a Rule 60(b) motion. To the extent that mother's arguments in this vein are the same as those raised in mother's numerous motions to reopen the evidence, we hold that the magistrate did not abuse her discretion in denying these motions. As previously noted, the magistrate found that mother sought to introduce evidence that was available to her at the time of the child support hearing and also available during the appeal to the family court. The family court upheld this decision. The

5

matter has been thoroughly analyzed and the motions were reasonably denied. Finally, we do not address mother's unpreserved claim concerning the expiration of maintenance payments in March 2010; we reject her argument that she was somehow prejudiced in the preparation of her appeal by a delayed production of the record; and we find mother's numerous claims of fraud and bias to be baseless.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice