*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2011-323

NOVEMBER TERM, 2012

| | |
|---|---|
| State of Vermont | APPEALED FROM: |
| | |
| | Superior Court, Rutland Unit, |
| v. | Criminal Division |
| | |
| | |
| Daniel John Guyette | DOCKET NO. 1206-8-10 Rdcr |

Trial Judge: Theresa S. DiMauro

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a judgment of conviction, based on a jury verdict, of accessory to assault and robbery. He contends the evidence was insufficient to show that he shared the requisite intent to steal from the victim. We affirm.

The material facts may be summarized as follows. The victim, M.L., testified that he started to walk home from a bar in Rutland on the evening of August 13, 2010, when he encountered defendant and two other men. They walked together until they reached Pine Street, at which point they invited him into their apartment. M.L. declined and started to leave when defendant whipped out a box cutter, waved it in front of his face, and asked M.L., "What do you got kid?" Another of the men then told M.L., "Just give it to him." M.L. started to back away from the box cutter when he was struck in the head from behind with a hard object like a bat. Defendant then approached and struck M.L. in the head with his fist. M.L. passed out. When he awoke, he was lying in the street, bruised and battered. His pants pocket was ripped, and he was missing a watch and knife.

Shortly thereafter, a police officer found M.L., who told him that he had been assaulted and robbed and identified several individuals entering 40 Pine Street as the assailants. The police went to the residence and spoke with two individuals in the downstairs apartment, one of whom gave the officer a knife and watch later identified as belonging to M.L. A search warrant of the upstairs apartment revealed additional items that had been stolen from another individual that night, as well as three box cutters. Defendant was arrested the next morning when he returned to 40 Pine Street.

Although defendant was charged with assault and robbery, the jury was instructed on both principal and accomplice liability, and found defendant to be guilty as an accomplice. This appeal followed.

Defendant contends the evidence was insufficient to show that any of the assailants had an intent to take property from M.L. or that defendant shared that intent. See State v. Pitts, 174 Vt. 21, 23-24 (2002) (stating that accomplice liability applies to defendant who aided in commission of charged offense and "acted with the same intent that is required to convict the

principal," but was not the primary perpetrator of the crime). To determine whether evidence is sufficient to support a verdict, we must determine whether, viewed in the light most favorable to the judgment, and excluding modifying evidence, it fairly and reasonably supports a finding of guilt beyond a reasonable doubt. State v. West, 164 Vt. 192, 193 (1995). The evidence here meets this test. Defendant simultaneously threatened the victim with a box cutter and demanded, "[w]hat do you got kid," suggesting an intent to rob the victim, while one of defendant's associates told the victim to "[j]ust give it to him" before he was struck by both the associate and defendant, suggesting a shared intent to commit assault and robbery. Defendant posits that his statement was ambiguous, and could have been merely inquisitive or part of a challenge to fight, but the entire situation as described reflects neither simple curiosity nor an invitation to mutual combat. It is well settled that a shared criminal intent may be inferred from all of the attendant circumstances, State v. Bacon, 163 Vt. 279, 292-93 (1995), and the evidence here was fully sufficient to support such an inference beyond a reasonable doubt that defendant meant to take what the victim "got." Accordingly, we find no merit to defendant's claim, and no basis to disturb the judgment.

Affirmed.


BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice