*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-148

NOVEMBER TERM, 2013

| | |
|---|---|
| In re Robert Jones | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. S0360-09 CnC |

Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the superior court's order granting the State summary judgment with respect to his post-conviction-relief (PCR) petition.  We affirm the court's grant of summary judgment as to petitioner's claim that his attorneys were ineffective for not claiming a violation of the Double Jeopardy Clause of the United States Constitution, but we remand the matter for the court to consider his other inffective-assistance-of-counsel claims not addressed by the court.

Petitioner was charged in 2003, and convicted by jury in 2005, of assaulting and murdering his domestic partner.  Specifically, he was convicted of second-degree aggravated domestic assault, in violation of 13 V.S.A. § 1044(a), and second-degree murder, as defined in 13 V.S.A. § 2301.  This Court affirmed the conviction in State v. Jones, 2008 VT 67, 184 Vt. 150.  In March 2009, petitioner filed a pro se PCR petition, alleging several bases for claiming ineffective assistance of counsel.  In June 2011, the Prisoner's Rights Office was allowed to withdraw its representation of petitioner based on its determination that the petition lacked merit.  Petitioner filed an amended pro se petition in February 2012.  In the amended petition, he claims that his trial and appellate counsel were ineffective for failing to argue that his convictions for the two offenses violated the Double Jeopardy Clause  because he was being punished twice for the same conduct.  Petitioner also incorporated by reference his claims from his previous petition.

In a February 20, 2013 decision, the superior court granted the State's motion for summary judgment as to the double jeopardy claim, concluding, as a matter of law, that petitioner could not show prejudice because double jeopardy was not implicated in his case and thus his attorneys could not be faulted for not objecting to his convictions based on a claim of double jeopardy.  The court explained that petitioner's double jeopardy claim was flawed because his two convictions were based on two separate acts.  The aggravated domestic assault conviction was based on his having pushed the victim to the ground, as witnessed by the victim's friend, while the murder conviction was based on his having assaulted the victim again after the victim's friend had left, resulting in the victim's death.  After reviewing the case law, the court concluded that the State could convict petitioner of separate crimes for those separate acts.  See State v. Stevens, 2003 VT 15, ¶ 8, 175 Vt. 503 (mem.) (concluding that double jeopardy considerations were not implicated where three charged offenses were based on separate and distinct criminal acts); State v. Karov, 170 Vt. 650, 651-52 (2000) (mem.) (concluding that double jeopardy concerns were not implicated where aggravated assault and aggravated domestic assault convictions were based on two separate acts).

The court did not address petitioner's other ineffective-assistance-of-counsel claims, noting petitioner's statement at an earlier status conference that his amended petition contained all of his claims. Apparently, the court was unaware that in his amended petition petitioner had incorporated by reference his other claims of ineffective assistance of counsel from his original petition. The State acknowledges this oversight on appeal.

With respect to the superior court's ruling on the double jeopardy claim, petitioner does not challenge the court's conclusion that he was not punished twice for the same offense; rather, he contends that the court erred in granting the state summary judgment because the facts recited by the State did not relate to his claim of ineffective assistance of counsel. According to petitioner, the State's facts were based on the "process of the trial which does not go to the heart of [petitioner's] claims."

Contrary to petitioner's apparent argument on appeal, the facts underlying the two convictions were relevant to his claim of ineffective assistance of counsel. See In re Fitzgerald, 2007 VT 51, ¶ 8, 182 Vt. 639 (mem.) ("Courts routinely rely on the trial record to conclude that allegations raised in a post-conviction relief proceeding either lack a factual basis or could not have affected the outcome."). To assess petitioner's claims that his lawyers were ineffective for failing to raise a double jeopardy challenge, the superior court examined whether petitioner's conduct forming the basis for the charges constituted a single offense or separate acts. After examining the record, the court determined that the two offenses charged by the State were based on two separate criminal acts. Petitioner does not challenge this determination. Moreover, although he suggests that there were material facts in dispute, he fails—as he did before the superior court—to identify any disputed material facts that support his claim that his convictions on both charges unconstitutionally subjected him to double jeopardy. Accordingly, the superior did not err in granting the State summary judgment with respect to the double jeapordy claim. See In re Barrows, 2007 VT 9, ¶ 5, 181 Vt. 283 (stating that summary judgment is appropriate when there is no genuine issue of material fact and moving party is entitled to judgment as matter of law).

The matter must be remanded, however, for the superior court to address petitioner's other ineffective-assistance-of-counsel claims, which the court did not realize were incorporated by reference into the amended petition.

The superior court's February 20, 2013 decision is affirmed, but the matter is remanded for the court to consider petitioner's additional ineffective-assistance-of-counsel claims raised in his original PCR petition and incorporated by reference into his amended petition.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

2