*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-266

FEBRUARY TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Zachariah McAllister | } | DOCKET NOS. 277-3-12 Wmcr, 386-4-12 Wmcr |
| | | & 506-5-12 Wmcr |

Trial Judge: David Suntag

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a sentence imposed by the criminal division, asserting that the trial court abused its discretion in failing to redact certain information contained in a presentence investigation report and to order a new "clean" report reflecting the changes. We affirm.

Defendant was charged in separate matters with a variety of criminal charges. In January 2013, pursuant to a plea agreement, defendant pled guilty to burglary, providing false information to a police officer, and petit larceny, and the State dismissed a number of other charges. Consistent with the terms of the plea agreement, the State requested a PSI, which was filed with the court in April 2013.

Defendant, in response, filed a motion pursuant to Vermont Rule of Criminal Procedure 32(c) objecting to certain statements in the PSI and requesting a redaction of the offending statements and the preparation of a new report. The challenged material included a section in the PSI entitled "Supervision History;" a chart listing defendant's "disciplinary reports" from previous incarcerations; a chart labeled "convictions" that included a pending New Hampshire charge of "theft 3rd offense;" and a statement suggesting that defendant had already served a ninety-day sentence for a New Hampshire conviction of resisting arrest despite the fact that sentence had not been executed. Defendant also noted two other clerical errors in the PSI report—a reference to his "step-father" that should have been to his "father," and a reference to "Will Lundgren" that should have been "Will Kraham."

At the sentencing hearing in May 2013, the trial court addressed each of the objections in turn. With respect to the charged offense mistakenly identified as a conviction, the court indicated that it would make a note directly on the PSI that it was not a conviction. With respect to the conviction for resisting arrest, the court also indicated that that it would note directly on the PSI that the sentence was yet to be served. Defense counsel did not object to the court's decision to note corrections directly on the PSI, nor did counsel request any further corrective action. The court likewise corrected the two clerical errors directly on the PSI report.

As to the PSI section dealing with defendant's supervision history, the court observed that, while defendant's motion objected to the material as "derogatory," the court's inquiry under V.R.Cr.P.

32(c)(4)(A) was necessarily focused on whether it was factually accurate and reliable. Accordingly, the court declined to rule on the claim as a challenge under the Rule. Finally, as to the disciplinary violations, the trial court determined that defendant was challenging the accuracy of the record of the violations rather than their underlying validity. The court then took testimony from the author of the PSI on the source of the information, and ruled that the disciplinary record was accurate and reliable. At the continued hearing on May 30, 2013, the court sentenced defendant to an aggregate term of twenty-seven months to five years. This appeal followed.

On appeal defendant argues that the trial court erred in failing to address his request to "redact the offending facts" from the PSI and order a "clean" PSI. He confines his argument to the two notations concerning alleged New Hampshire offenses, having apparently abandoned any claim concerning the supervision history or disciplinary reports in the PSI. See State v. Gibney, 2005 VT 3, ¶ 5, 177 Vt. 633 (mem.) (arguments not raised on appeal are deemed waived). Defendant asserts that the trial court's corrections to the PSI were inadequate to protect him from the possibility that the Department of Corrections might rely on the inaccurate information to his detriment in deciding his supervision level, program eligibility, and furlough and parole eligibility.

The claim is unpersuasive. Even assuming that defendant's written motion was sufficient to preserve the argument for review on appeal without defendant renewing it at the sentencing hearing, the claim is entirely speculative. The Criminal Rules set forth a specific remedy for factual inaccuracies in a PSI, providing that "[a] written record of [the court's] findings and determinations shall be appended to and accompany any copy of the presentence investigation report . . . thereafter made available by the court to the Department of Corrections." V.R.Cr.P. 32(c)(4)(A). As the Reporter's Notes to the Rule explain, "[w]hen the Department of Corrections later utilizes these documents, which were prepared for the court, the department will have the benefit of the court's findings or determinations." Reporter's Notes—1989 Amendment, V.R.Cr.P. 32. In this case, the trial court's findings were not merely appended to the PSI report, they were incorporated into the report itself. Consistent with V.R.Cr.P. 32(c)(4), any copy of the presentence investigation report thereafter made available by the court to the Department of Corrections will necessarily include a written record of the court's findings and determinations with respect to the specific matters identified in defendant's appeal. Although defendant raises the specter that the Department of Corrections will rely in its placement and programming decisions on the prior version of the report, not including the court's corrections reflecting its findings, he does not suggest that the Department has done so. Accordingly, defendant has not shown that any further remedial action— assuming without deciding that any is available to the court—was necessary to protect his interests. Accordingly, we find no abuse of discretion.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Geoffrey W. Crawford, Associate Justice